```
                                                                  1

                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF NEW YORK

   - - - - - - - - - - - - - - X

      UNITED STATES OF AMERICA,    :   16-CV-7057(KAM)
                                   :
              Plaintiff,           :   U.S. Courthouse
                                   :   Brooklyn, New York
                                   :
                                   :   TRANSCRIPT OF
         -against-                 :   PREMOTION CONFERENCE
                                   :
                                   :
                                   :   April 7, 2017
                                   :   10:30 a.m.
      BARCLAYS CAPITAL, INC.,      :
      ET AL,                       :
                                   :
              Defendants.          :
   - - - - - - - - - - - - - - X

   BEFORE:
                    HONORABLE KIYO A. MATSUMOTO, U.S.D.J.

   APPEARANCES:
   For the Plaintiff:           BRIDGET M. ROHDE, ESQ.
                                Acting United States Attorney
                                271 Cadman Plaza East
                                Brooklyn, New York 11201
                                BY:  F. FRANKLIN AMANAT, ESQ.
                                     CHARLES S. KLEINBERG, ESQ.
                                     KATHARINE E.G. BROOKER, ESQ.
                                     EVAN P. LESTELLE, ESQ.
                                     MATTHEW R. BELZ, ESQ.
                                     Assistant U.S. Attorneys


   For the Barclays
   defendants:                  SULLIVAN & CROMWELL LLP
                                125 Broad Street
                                New York, NY 10004
                                BY:  KAREN PATTON SEYMOUR, ESQ.


                                WILLIAMS & CONNOLLY LLP
                                725 Twelfth Street, NW
                                Washington, DC 20005
                                BY:  KANNON K. SHANMUGAM, ESQ.
```

HOLLY DRISCOLL, CSR
Official Court Reporter

2

```
 1  For Defendant
    Menefee:            KRAMER LEVIN NAFTALIS & FRANKEL LLP
 2                      1177 Avenue of the Americas
                        New York, NY 10036
 3                      BY:  DANI R. JAMES, ESQ.

 4

 5  For Defendant
    Carroll:            Crowell & Moring LLP
 6                      590 Madison Avenue, 20th Fl.
                        New York, NY 10022
 7                      BY:  GLEN G. McGORTY, ESQ.

 8

 9

10  Court Reporter:     Holly Driscoll, CSR
                        Official Court Reporter
11                      225 Cadman Plaza East
                        Brooklyn, New York 11201
12                      (718) 613-2274

13  Proceedings recorded by mechanical stenography, transcript
    produced by Computer-Assisted Transcript.
14

15

16                      *     *     *

17

18           THE CLERK:  This is civil premotion hearing,

19  16-CV-7057, United States of America versus Barclays Capital,

20  Inc., et al.

21           Please counsel for plaintiff state your appearances

22  and the entity that you're representing.

23           MR. AMANAT:  Frank Amanat from the United States

24  Attorney's Office on behalf of the United States of America.

25           THE COURT:  Good morning.
```

3

1         MS. SEYMOUR: Thank you, Your Honor, good morning,
2 Karen Seymour from Sullivan & Cromwell on behalf of the
3 Barclays defendants and I'm here with my co-counsel who will
4 also state his appearance.
5         THE COURT: All right, thank you. Good morning.
6         MR. SHANMUGAM: Kannon Shanmugam of Williams &
7 Connolly also for the Barclays defendants.
8         THE COURT: All right, thank you.
9         Who will be speaking on behalf of Barclays this
10 morning, both?
11         MS. SEYMOUR: Your Honor, both of us may; in terms
12 of the substance of the motion, Mr. Shanmugam would be arguing
13 the motion, if there is a hearing on it ultimately we would
14 ask him to address those issues.
15         THE COURT: Great, thank you.
16         MS. JAMES: Good morning, Your Honor, Dani James
17 from Kramer Levin on behalf of Mr. Menefee.
18         THE COURT: Good morning.
19         MR. MCGORTY: Good morning, Glen McGorty from
20 Crowell Moring on behalf of Mr. Carroll.
21         THE COURT: Good morning. Nice to see you again.
22         All right, counsel, I scheduled this primarily just
23 to talk to you about the motion. You want to make a 12(b)(6)
24 motion, correct, and one I think group of defendants wants to
25 challenge personal jurisdiction?

4

1          I will say that this complaint is probably one of
2 more fulsome complaints I've ever seen, it's nearly two
3 hundred pages and, as the government points out in its
4 opposing letter, it is really detailed in terms of setting out
5 tables and charts including particular transactions and
6 statements that they are alleging are fraudulent.
7          I don't know whether your clients' best interest
8 would be served by engaging in motion practice or whether your
9 clients might be better served collectively to go to mediation
10 or appear before Judge Mann, I think it is Judge Mann in this
11 case, to try to resolve the matter.  I don't want to hear
12 argument today about the substance of the motions, I've read
13 your letters but I'll hear from the parties if they want to be
14 heard further about whether the only thing to do at this point
15 is just on scheduling the motions.  It seems to me you're in
16 agreement about the scheduling.
17          MS. SEYMOUR:  Your Honor, we are in agreement on the
18 scheduling and it is our belief that our client would be well
19 served by the motion.  We hear what Your Honor observes about
20 certainly the weight and length and the number of allegations
21 but we do think there are some issues with the way that the
22 complaint was pled in terms of the linking of many of those
23 statements in the back of the appendices to the actual alleged
24 fraud and the scheme and we think there's some defects also
25 with the application of FIRREA here, so we would like to

5

1 proceed to the motion if the Court will allow it.
2 　　　　　THE COURT: Well, I'm never going to preclude anyone
3 from making a motion but I will tell you that I've got to
4 assume for purposes of deciding your motions that all the
5 facts pled are true if they're well pled, as you know. There
6 was some argument in some of the letters that seemed to
7 suggest that they were making trial arguments rather than
8 arguments about the sufficiency of the pleadings and I guess
9 one question I had was whether, based on the defense view of
10 the deficiencies in the pleadings, whether it would make sense
11 to allow the government to address those alleged deficiencies
12 by amending. I'm not encouraging the government to make the
13 complaint more lengthy but perhaps to add additional detail if
14 they felt it was worthwhile or whether they wish to stand on
15 the current complaint. The Second Circuit generally does
16 counsel courts to allow an amendment in any event if I do find
17 that the pleading is deficient.
18 　　　　　So, I'm happy hear from the government on a possible
19 amendment in lieu of motion practice and whether that might
20 address the defense concerns or whether you're going to stand
21 on the complaint.
22 　　　　　MR. AMANAT: Well, Your Honor, yes, Frank Amanat on
23 behalf of the government; at the present time we do not
24 believe there's a basis based on the premotion conference
25 letters submitted by the defendants to amend the complaint.

1 Obviously if they proceed with their motion, when we get their
2 brief and see their arguments more fleshed out if there's a
3 basis to amend the complaint or if that's a way that is in the
4 government's interest to do that that appears from their
5 brief, we will contemplate doing that but we agree with the
6 Court, Your Honor, that the motion practice that the
7 defendants are proposing to engage in likely will serve very
8 little purpose.  We don't believe that their arguments as set
9 forth in their premotion conference letters have any merit
10 but, of course, they will make the motion that they will make.
11             THE COURT:  All right.  Let me just ask the parties
12 collectively what about the option of exploring settlement
13 before you launch into motion practice, is there a reason why
14 you would be opposed to doing that?
15             MR. AMANAT:  Well, Your Honor, I can tell the Court
16 that before we filed the case we engaged with at least the
17 corporate defendants in almost seven months of settlement
18 negotiations and spent an extended period of time exploring
19 all avenues and we ended up still pretty far apart which is
20 how we got here today.  I've already communicated to counsel
21 for the defendants that the government stands ready to resume
22 settlement negotiations at any time if the defendants come
23 forward and indicate that they are interested in resuming
24 those discussions, I have not received a response from
25 defendants at this point in time.

1    In the meantime, our plan is to go forward with
2 discovery and get the case ready to go to trial.  The
3 expectation is that at some point in time we do expect that
4 the defendants will come back to us and say let's talk some
5 more.
6         THE COURT:  Ms. Seymour.
7         MS. SEYMOUR:  Yes, Your Honor, we would be happy to
8 talk to the government, of course, but prior efforts have not
9 been successful and at this point it was our strategy to move
10 forward with the motion, we think that will best serve our
11 clients' interest, but we're always willing to try again and
12 to talk but our preference at this stage would be to move
13 forward, Your Honor.
14        THE COURT:  All right.  Well, it appears that the
15 defendants want 65 pages to brief this issue, the individual
16 defendants want 30 pages; is that correct?
17        MS. JAMES:  Yes, Your Honor.
18        MR. MCGORTY:  Yes, Your Honor.
19        THE COURT:  And the government is asking for 125
20 pages and I understand you're going to have multiple motions
21 to defend.
22        MR. AMANAT:  Right.
23        THE COURT:  But isn't it possible that the arguments
24 raised by some of the defendants will be overlapping so you
25 don't need to repeat them twice or three times?

8

1  MR. AMANAT: Of course, we anticipate submitting one
2  consolidated brief that will respond collectively to the
3  defendants' arguments and so, of course, if an argument is
4  made by more than one defendant, we'll just respond to it once
5  in a consolidated brief.
6  THE COURT: All right. What I would appreciate
7  though on the government's end, your letter was very helpful
8  but I would appreciate citations to the paragraphs of your
9  complaint or the tables when you are defending the sufficiency
10 of your pleadings.
11 MR. AMANAT: Absolutely, yes, Your Honor.
12 THE COURT: So I don't have to go looking through
13 200 pages to find it --
14 MR. AMANAT: Understood.
15 THE COURT: -- and hope that it is there.
16 MR. AMANAT: Of course.
17 THE COURT: And certainly if the defendants are able
18 to cite to anything in the complaint that they think is not
19 sufficient, I'd appreciate being able to read those references
20 to the complaint or the tables.
21 I guess I am having trouble understanding how it is
22 in your clients' best interest to proceed with this motion but
23 I leave it to you to make that decision and I'm sure you've
24 spoken to your client and they are aware of the standards for
25 pleading and the fact that I do have to consider as true the

9

1  allegations in the complaint in deciding this motion.
2          MR. SHANMUGAM: Your Honor, could I say just one
3  thing on that point?
4          THE COURT: Yes, sir.
5          MR. SHANMUGAM: Obviously some of the arguments
6  we're planning to make in the motion are traditional arguments
7  concerning the sufficiency of the allegations but, as Your
8  Honor will be aware from the letters, there are some
9  profoundly significant legal issues and, in particular, issues
10 concerning the government's use of FIRREA that we respectfully
11 submit is going to be very important to resolve at the
12 threshold here and, in particular, the government's theories
13 concerning the predicate offenses and the predicate offenses
14 of mail wire and bank fraud in particular, those are
15 deficiencies that obviously cannot be cured by any amendment
16 in our view and therefore those legal arguments are, again,
17 arguments that in our view are going to be very important to
18 resolve at this stage.
19         THE COURT: All right. So, what is your proposed
20 schedule for the defense to serve but not file their briefs?
21 I, as you know, observe the bundling rule and I would
22 appreciate getting two courtesy copies as you serve but
23 nothing should hit the docket until it is fully briefed.
24         MR. AMANAT: Fair enough, yes, ma'am, the parties'
25 agreement, Your Honor, was that the defendants would serve

1  their briefs on the government two weeks from today which
2  would be April 21, the government would then have 90 days to
3  serve its opposition which would take us I believe to July 21,
4  and then the defendants would then have 45 days after that to
5  serve their reply briefs which I don't know what date that is.
6              MS. SEYMOUR:  Your Honor, I think on the dates it is
7  July 20th and September 5th.
8              MR. AMANAT:  July 20th and September 5th, there we
9  are.
10             THE COURT:  All right.  I don't want to hear any
11 letters about Labor Day and we need more time, right, you've
12 got plenty of time.
13             MS. SEYMOUR:  We'll be set, Your Honor.
14             THE COURT:  Okay, good.  All right.  So, please,
15 again, remember to deliver two courtesy copies as you serve
16 your adversaries with your documents and I'll look forward to
17 reading your briefs.  Thank you.
18             MS. SEYMOUR:  Thank you, Your Honor.
19             MR. AMANAT:  Thank you, Your Honor.
20             MR. KLEINBERG:  Thank you, Your Honor.
21             (Time noted:  10:50 a.m.)
22             (End of proceedings.)