IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>BARCLAYS CAPITAL INC.; BARCLAYS GROUP US INC.; BARCLAYS US LLC; BARCLAYS BANK PLC; BARCLAYS PLC; BCAP LLC; SECURITIZED ASSET BACKED RECEIVABLES LLC; SUTTON FUNDING LLC; PAUL K. MENEFEE; and JOHN T. CARROLL,<br><br>    Defendants. | Civil Action No. 1:16-cv-07057-KAM-RLM |

**AMENDED JOINT CIVIL CASE MANAGEMENT PLAN AND [PROPOSED] ORDER**

    Pursuant to Rules 16(b) and 26(f) of the Federal Rules of Civil Procedure, and after consultation with counsel and with reference to the Court's Initial Conference Questionnaire, the parties have agreed to the following Case Management Plan and [Proposed] Order:

    1.    Plaintiff served its Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on March 17, 2017, and amended them on April 7. The government also has voluntarily produced millions of pages of documents to Defendants, comprising all of the documents it received from third parties over the course of the FIRREA investigation that preceded the suit, as well as other documents and information that Defendants requested during the parties' Rule 26(f) conference. Defendants served their Initial Disclosures on April 21, 2017. The Barclays Defendants will supplement their automatic disclosures insofar as they identify any insurance agreements required for production under Rule 26(a)(1)(A)(iv).

    2.    Plaintiff has propounded interrogatories and document requests on four of the Defendants, and the Barclays Defendants have propounded a set of interrogatories and document requests on Plaintiff.

    3.    At the pre-motion conference on April 7, Judge Matsumoto set a briefing schedule under which the Defendants' motions to dismiss will be fully briefed and filed by September 5. Defendants submitted their Motions to Dismiss to Judge Matsumoto and the Plaintiff on April 21, 2017, pursuant to the briefing schedule and Rule II of the Court's Individual Rules. Plaintiff filed an Amended Complaint on May 11, 2017. Defendants intend to move to dismiss the Amended Complaint; the parties have agreed on a schedule for briefing the

motions to dismiss the Amended Complaint and will submit the agreed-upon schedule to Judge Matsumoto. The parties reserve the right to seek to amend this order following the Court's entry of any order modifying the briefing schedule for the motions to dismiss and/or following its decision on the motions to dismiss.

4. Motions to further amend the pleadings—including any motions to join additional parties—shall be governed by the Federal Rules of Civil Procedure. After a decision on the Defendants' motions to dismiss the Amended Complaint, the parties will promptly meet and confer regarding a deadline to seek leave to amend the pleadings.

5. The parties propose that:

   a) All fact discovery will be completed by **August 14, 2018**, and

   b) All expert discovery will be completed by **May 31, 2019**.

6. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of New York. The following interim deadlines may be extended by written consent of all parties without application to the Court, provided fact and expert discovery are completed by the dates set forth in paragraph 5 above:

   a) Plaintiff has already identified to Defendants the loans that it intends to re-underwrite. Plaintiff also has identified any "backup" loans that Plaintiff may re-underwrite. Defendants reserve all rights to object to Plaintiff's use of sampling in connection with its re-underwriting of loans.

   b) The commencement of third-party document subpoenas will begin **June 12, 2017**.

   c) If Defendants intend to re-underwrite loans other than the loans the Plaintiff is re-underwriting, they will identify such loans by **July 31, 2017**. Defendants will include and separately identify any "backup" loans that Defendants may re-underwrite. Plaintiff reserves all rights to object to Defendants' use of sampling in connection with their re-underwriting of loans.

   d) The parties have conferred regarding the disclosure of the entities upon whom Plaintiff premises its suit under FIRREA.

       i. Defendants' position: Plaintiff should have disclosed the identities of the federally insured financial institutions ("FIFI") that it claims were "affected" by the alleged fraud, as well as any financial institutions ("FI") that it claims were defrauded or victimized by the alleged fraud in its Complaint and its Amended Complaint, and provided further information concerning those FIFIs and FIs in its disclosures under F.R.C.P. 26(a)(1). Defendants understand that Plaintiff maintains that it was not required to do so and will only do so in response to contention interrogatories. The

    information regarding FIFIs and FIs is necessary at this time in order to inform the scope of third-party discovery. Without waiving its position that disclosure of information concerning FIFIs and FIs should have been made already in the Complaint, Amended Complaint and Rule 26(a) disclosures, Defendants propose **November 30, 2017** as the deadline for Plaintiff to provide its final list of these FIFIs and FIs, along with a description of how they were affected by any predicate violation under FIRREA. After Plaintiff's disclosure, if one or both parties believe that the fact and expert discovery deadlines agreed to herein no longer are feasible, the party or parties may apply to the Court to extend these deadlines. All parties agree to meet and confer prior to making such an application.

  ii. Plaintiff's position: Plaintiff adequately disclosed in its Amended Complaint and in its automatic disclosures the types of FIFIs and FIs that were affected or victimized by Defendants' fraudulent scheme and how such FIFIs and FIs were affected or victimized, providing numerous examples of such FIFIs and FIs. No further disclosures along these lines are required at this stage of the litigation; in any event, this information is already known to Defendants (who are the best source of information as to what entities purchased their securities or participated in the securitizations), and Plaintiff has propounded discovery requests on Defendants aimed at identifying affected and victimized FIFIs and FIs. Plaintiff will respond to any contention interrogatories that Defendants propound along these lines in accordance with Rule 33(a)(2) and the schedule set by the Court. Plaintiff agrees to a schedule pursuant to which all parties may defer responses to contention interrogatories until **November 30, 2017**.

  Subject to the Court's approval, the parties are prepared to submit letter briefs of no more than five **(5)** single-spaced pages in advance of the Rule 16(b) conference.

  e) The parties will substantially complete document discovery between the parties by **December 29, 2017**. Third-party document discovery may continue after this date.

  f) The parties will serve privilege logs on a rolling basis; and in all events, all privilege logs will be served within two weeks of the party's substantial completion of document production.

  g) Fact depositions may be noticed to commence on or after **January 15, 2018**. The deposition of a FIFI or FI may occur only after completion of that entity's document production, if any.

      h)      The parties will disclose the topics for all affirmative expert reports by **July 14, 2018**.

      i)      The parties will serve all affirmative re-underwriting expert reports by **September 14, 2018**.

      j)      The parties will serve all other affirmative expert reports by **September 28, 2018**.

      k)      The parties will serve all rebuttal expert reports by **March 28, 2019**.

      l)      The parties may begin taking expert witness depositions on **April 16, 2019**, with such depositions to be completed by **May 31, 2019**.

7.      The parties agree to increase the number of interrogatories permitted under Fed. R. Civ. P. 33(a).  Plaintiff may submit up to **50** interrogatories to the Barclays Defendants (collectively) and **25** to **each** of the individual Defendants.  The Barclays Defendants may submit up to **50** interrogatories to Plaintiff, and the individual Defendants may submit **25 each** to Plaintiff.

8.      The parties will not be in a position to determine the number of depositions that will be required until initial fact discovery has occurred.  Accordingly, the parties will meet and confer by **December 1, 2017** concerning the terms of a deposition protocol to be submitted to the Court for approval, to address, among other matters, the number, length and location of party and non-party depositions.  If the parties cannot agree on a deposition protocol, the parties will submit the disputed issues for resolution to the Court on or before **December 15, 2017**.

9.      The parties are not yet in a position to propose a limit on the number of requests for admission but will offer a proposal for approval by the Court on or before **December 15, 2017**.  Requests for admission shall be served no later than 30 days after the close of fact discovery.

10.      The parties will meet and confer by **June 15, 2017** concerning the necessity and terms of a protocol concerning expert witnesses, including any modifications to the requirements and protections of Rules 26(a)(2) and 26(b)(4).  If the parties cannot agree on an expert protocol, the parties will submit disputed issues for resolution to the Court on or before **June 30, 2017**.

11.      The parties are working to negotiate a protective order and electronic discovery protocol to be submitted to the Court for approval.  If the parties cannot agree on a protective order or electronic discovery protocol, the parties will submit disputed issues for resolution to the Court.

12.      The parties believe that summary judgment motions are likely to be filed by one or more parties.  Summary judgment motions may be filed at any time prior to the close of discovery, but in any event no later than **June 28, 2019**.

13. A final pre-trial conference shall be held following the Court's ruling on dispositive motions on a date set by the Court. The schedule for preparation of a pretrial order will be set after the conclusion of discovery.

14. The parties do not consent to conducting all further proceedings before a Magistrate judge, including motions and trial. *See* 28 U.S.C. §§ 636(c), (d).

SO ORDERED on this ____ day of _____, 2017.

_____
Hon. Roanne L. Mann
United States Magistrate Judge