```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF NEW YORK


------------------------------------X
                                    :
UNITED STATES OF AMERICA,           :
                                    :   16-CV-07057 (KAM)
                                    :
                v.                  :   225 Cadman Plaza East
                                    :   Brooklyn, New York
BARCLAYS CAPITAL, INC., et al.,     :
                                    :   June 12, 2017
                   Defendants.      :
------------------------------------X


        TRANSCRIPT OF CIVIL CAUSE FOR STATUS CONFERENCE
             BEFORE THE HONORABLE JAMES ORENSTEIN
                 UNITED STATES MAGISTRATE JUDGE


APPEARANCES:

For the Government:         FARZIN FRANKLIN AMANAT, ESQ.
                            U.S. Attorneys Office
                            Eastern District of New York
                            271 Cadman Plaza East
                            Brooklyn, New York 11201

For Barclays Capital,       RICHARD HOWARD KLAPPER, ESQ.
Inc,:                       Sullivan & Cromwell, LLP
                            125 Broad Street
                            New York, New York 10004

For Mr. Menefee:            DANI JAMES, ESQ.
                            Kramer Levin Naftalis &
                              Frankel, LLP
                            1177 Avenue of the Americas
                            New York, New York 10036

For John Carroll:           GLEN G. MCGORTY, ESQ.
                            Crowell & Moring, LLP
                            590 Madison Avenue
                            20th Floor
                            New York, New York 10022




Proceedings recorded by electronic sound recording, transcript
produced by transcription service.
```

1                                                                              2

2

3    Court Transcriber:           RUTH ANN HAGER, C.E.T.**D-641
                                  Typewrite Word Processing Service
4                                 211 N. Milton Road
                                  Saratoga Springs, New York  12866
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1  (Proceedings began at 9:33 a.m.)
2           THE CLERK:  Civil cause for a status conference,
3  United States of America v. Barclays Capital, *et al.*, docket
4  number 16-CV-07057.
5           Will the parties please state their appearances for
6  the record starting with the Government.
7           MR. AMANAT:  Good morning, Your Honor.  Frank Amanat
8  from -- the senior counsel of the U.S. Attorney's Office on
9  behalf of the United States.
10          THE COURT:  Good morning.
11          MR. KLAPPER:  Good morning, Your Honor.  Richard
12 Klapper, Sullivan & Cromwell, for the Barclays defendants.
13          THE COURT:  Good morning.
14          MS. JAMES:  Good morning, Your Honor.  Dani James
15 from Kramer Levin on behalf of Mr. Menefee.
16          THE COURT:  Good morning.
17          MR. MCGORTY:  Your Honor, good morning.  Glen
18 McGorty from Crowell & Moring on behalf of John Carroll.
19          THE COURT:  Good morning.  All right.  Folks, sorry
20 to bring you back so soon after we were last gathered.  I
21 hadn't anticipated doing that, but going through your proposed
22 confidentiality order a couple things jumped out of me -- at
23 me as things that warranted further discussion.
24          The first one is paragraphs 54 to 55 with respect to
25 the release of borrower information.  I can certainly

4

1 understand wanting to streamline the disclosures without
2 having to get a court order each time and that seems fine.
3 What I don't understand is, why you would ask me to prohibit
4 providing notice to those whose information is disclosed who
5 would otherwise have -- in the absence of not only the right
6 to notice but, you know, advance notice and the right to be
7 heard.
8       Is there something that I'm not appreciating here
9 about the need for this?
10       UNIDENTIFIED VOICE:  It's a practical issue.  So we
11 discussed the last time we were here the 7,000 or so loan
12 files that the Government has told us they intend to
13 underwrite.
14       THE COURT:  Yes.
15       UNIDENTIFIED VOICE:  There will be -- there can be
16 other loan files or borrower information, you know.  To give
17 notice to all of those people would be quite difficult --
18       THE COURT:  All right.
19       UNIDENTIFIED VOICE:  -- and frankly --
20       THE COURT:  Why would it be difficult?
21       UNIDENTIFIED VOICE:  -- to explain to them --
22       THE COURT:  Excuse me.  Why would it be difficult?
23 Don't you communicate with all those folks anyway?
24       UNIDENTIFIED VOICE:  No.
25       THE COURT:  Well, somebody is going to about their

5

1  loans, no?
2             UNIDENTIFIED VOICE:  Yes.
3             THE COURT:  Okay.
4             UNIDENTIFIED VOICE:  The originators generally are
5  not Barclays.  They're other people.  So Countrywide.  They
6  can be defunct.  IndyMac and those loans have been transferred
7  to IndyMac's successor.
8             THE COURT:  Um-hum.
9             UNIDENTIFIED VOICE:  I think OneWest or something
10 like that.  So it's the servicers and the originators, the
11 servicers in particular who are in constant contact with the
12 borrower.  So we could, I guess, conceivably go to the
13 servicer of -- and there are different servicers, but the
14 servicers of the loans and give them a list of the people
15 whose loans are going to be -- have the loan files produced
16 and have the servicers communicate with them.
17            THE COURT:  As long as you're monitoring that
18 process to make sure it's done because it's not the servicer's
19 obligation; it's yours.
20            UNIDENTIFIED VOICE:  Correct, correct.
21            THE COURT:  And what I'm trying to figure out is
22 whether -- you know, this law is there for a purpose.
23            UNIDENTIFIED VOICE:  I understand.
24            THE COURT:  And I'm terribly uncomfortable about
25 depriving people who aren't before the Court of rights that

6

1  they have to be heard without at least letting them know that
2  it's happened post facto.
3          UNIDENTIFIED VOICE: I know that past present is not
4  necessarily a reason to --
5          THE COURT: Absolutely not, so I'm sure you won't
6  even bother with it.
7          UNIDENTIFIED VOICE: This is a provision. We didn't
8  make this one up for this case.
9          THE COURT: Okay.
10         UNIDENTIFIED VOICE: It is [indiscernible] --
11         THE COURT: But, you know, it's worth taking a look
12 at. I'm not going to ask you to resolve it at the moment. I
13 wanted to share with you my concerns if there's something
14 obvious I was missing, you know, great, and you can tell me
15 about it. But if it needs further reflection or you want to
16 persuade me, that's fine. But I will tell you, if it's
17 just -- it's been done before like this and it's a lot more
18 convenient for all of you, I think that's not the right way to
19 do it. I think people have the right to know what's happening
20 with this information. There's a reason Congress passed this
21 law and we shouldn't just be casting it aside.
22         UNIDENTIFIED VOICE: Understood, Your Honor.
23         THE COURT: All right. The second one, and for
24 similar concerns or related concerns is paragraph 58, the
25 waiver of -- or non-waiver of privilege. And this one I just

7

1  want to make sure I understand.  I get it that under 502(d) I
2  could give you an order that basically streamlines the initial
3  disclosures so that you don't have to worry about a waiver at
4  that point and you can claw back.  That's fine as long as it's
5  not a permanent, you know, prohibition of somebody saying,
6  wait, you've waived.  In other words, I take it there were --
7  and what I was particularly worried about in this regard was
8  the final part of it that says, this will be sort of the
9  maximum possible interpretation of Rule 502(d).
10               I think you guys need to at some point, if not right
11 out of the gate, do a real privilege review and protect what's
12 protected and waive what isn't.  But what I don't intend, and
13 if this is not consistent with what you intend you need to
14 persuade me about this, I don't intend to say that you can
15 just disclose anything in this case and you haven't waived the
16 privilege.
17               UNIDENTIFIED VOICE:  Your Honor, there has been an
18 extensive privilege with you and I wasn't involved in the
19 investigations.  I cannot confirm, but I believe there are
20 privilege logs that have been produced to the Government and
21 the like.  So this is not a situation where even we or third
22 parties are producing documents without privilege review.
23               THE COURT:  Um-hum.
24               UNIDENTIFIED VOICE:  And then just leaving it for
25 later to claim privilege.  There is an extensive process to

8

1  review documents.  I'm sure that the third parties will be
2  subpoenaed, will likewise do this.  This is just a process.
3  It said [indiscernible] miss something and it comes up you can
4  attempt to claw it back.
5             THE COURT:  That part is fine and I think it makes a
6  lot of sense.  It makes it more efficient.  But especially
7  with the reference to 502(d), "This order shall be interpreted
8  to provide the maximum protection allowed by Federal Rule of
9  Evidence 502(d)."  That strikes me as problematic because I
10 think the court could say to somebody in a later case the
11 production in this case was not a waiver and the court so
12 ordered it.
13            Now, I don't intend to enter that kind of order.  I
14 don't know if that's what you intended.
15            UNIDENTIFIED VOICE:  I don't know what the
16 Government's position is, but I can certainly live with
17 deleting that sentence.
18            THE COURT:  It's not just deleting that sentence.  I
19 want something that is very clear and I'm happy to write it if
20 you guys don't want to, but I'd just as soon you'd prefer to
21 take first crack at it, something that makes it clear that
22 what's being permitted here is, you know, an inadvertent
23 disclosure and claw-back procedure, but nothing something that
24 changes the rights of non-parties to this case in any way that
25 would keep them from arguing that something that was disclosed

9

1  and not clawed back has been weighed.
2           UNIDENTIFIED VOICE:  If Your Honor permits, we'll
3  agree on some language.
4           THE COURT:  Yeah, I assume you'd prefer to have --
5  to do the word crafting rather than have me do it, but I want
6  to be clear that that's what I intend it to be.
7           UNIDENTIFIED VOICE:  Yes.
8           THE COURT:  So the more --
9           UNIDENTIFIED VOICE:  I just want to make sure I
10 understand.  Your Honor's concern is that -- is primarily the
11 third parties you produced documents to us that may be
12 privileged and that do not claw back.
13          THE COURT:  No.
14          UNIDENTIFIED VOICE:  Okay.  I apologize.
15          THE COURT:  My concern is not at all --
16          UNIDENTIFIED VOICE:  Okay.
17          THE COURT:  -- limited to third parties.
18          UNIDENTIFIED VOICE:  Then I misunderstood, Your
19 Honor.
20          THE COURT:  Yes.  No, what I don't want is for you
21 guys to agree among yourselves what you'll exchange and shield
22 that from the rest of the world.
23          UNIDENTIFIED VOICE:  Right.
24          THE COURT:  The adverse parties.  If you share
25 information with each other, leaving aside the possibility of

1  an inadvertent disclosure or privilege that you later claw
2  back which, of course, should be protected, but if you
3  knowingly share information with each other, as far as I'm
4  concerned that's a waiver.  And I don't intend to use 502(d)
5  to allow you guys to share information and protect it from
6  other people who might just as strong an interest in seeing
7  that information.
8          UNIDENTIFIED VOICE:  Understood.  All right.
9          THE COURT:  All right.  Those were the two concerns
10 I had with the order.  I'm happy, of course, to take up
11 anything that's come up since we were last together but I
12 don't think there's anything like that.
13         UNIDENTIFIED VOICE:  Now, we're still -- we're still
14 talking about --
15         THE COURT:  Yeah, okay.
16         UNIDENTIFIED VOICE:  So with regard to the RFPA
17 issue, Your Honor --
18         THE COURT:  RFPA.
19         UNIDENTIFIED VOICE:  The Right to Financial Privacy
20 Act.
21         THE COURT:  Yes.
22         UNIDENTIFIED VOICE:  Financial Privacy Act issue.
23 First, we'd better understand exactly what the Court -- what
24 the Court's concern is.  Is it -- if we simply delete
25 paragraph 55 will that address the Court's concern or is there

```
                                                               11
 1   more that the Court thinks the parties need to do?
 2             UNIDENTIFIED VOICE:  No, I think we need the
 3   paragraph.
 4             THE COURT:  Yeah.
 5             UNIDENTIFIED VOICE:  I think the Court wants us to
 6   consider whether we should notify and what the process would
 7   be.
 8             THE COURT:  Right.  Look.  I get it that it's really
 9   going to slow things down terribly here and to know real
10   purpose if you have to come to the Court in advance before
11   each disclosure of borrower information.  I want to relieve
12   that pressure from you so you can get on with the case.
13             But what I'm wondering is whether there's any real
14   need to avoid after the fact notification of borrowers that
15   their files have been disclosed, right?  They -- I want to
16   accommodate everybody's interests as much as possible.  I
17   think this accommodates your interest very well but it's
18   short-shrift to the borrowers.  I want to accommodate that
19   better.  Strikes me that post-hoc notification would work.  If
20   there's a reason it won't I'm happy to hear from you about it.
21             All right.  Anything else for today, folks?  Thank
22   you all for making the extra trip.  Sorry to require it.
23             UNIDENTIFIED VOICE:  Have a good day.
24             UNIDENTIFIED VOICE:  Thank you.
25             (Proceedings concluded at 9:44 a.m.)
```

12

1   I certify that the foregoing is a court transcript
2   from an electronic sound recording of the proceedings in the
3   above-entitled matter.
4
5                                    *[signature: Ruth Ann Hager]*
6   _____
7                                    Ruth Ann Hager, C.E.T.**D-641
8   Dated:  June 15, 2017
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25