

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

271 Cadman Plaza East
Brooklyn, New York 11201

June 21, 2017

Honorable James Orenstein
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    <u>United States v. Barclays Capital, Inc.,</u> No. 16-CV-7057 (KAM/JO)

Dear Judge Orenstein:

      We write with respect to the portion of the Court's civil conference minute order dated June 8, 2017 (ECF No. 56) regarding "notice of all future court appearances in this case to all identified victims" of the defendants' offenses.

      Given the enormity of the defendants' conduct and the significant public interest it has engendered, the government shares the Court's concern that information about key developments in this case be widely disseminated. The government thus proposes to publish information about this case on a publicly-available government website, where we will provide updates about the status of the case, including notice of any court conferences.

      Courts, including in this District, have found it reasonable for the government to provide notice by publication in cases, including investor fraud cases, where the large number of victims has made specific or direct notice impracticable. *See, e.g., United States v. Saltsman*, No. 07-CR-641 (NGG), 2007 WL 4232985, at *2 (E.D.N.Y. Nov. 27, 2007) (approving identical proposal by government in criminal securities fraud case with thousands of victims); *cf. United States v. Rubin*, 558 F. Supp. 2d 411, 421-23 (E.D.N.Y. 2008) (Vitaliano, J.) (endorsing prior order by Judge Trager, which had approved similar proposal by government in mail and securities fraud prosecution with thousands of victims).

      Investors who purchased certificates in one or more Subject Deals number in the thousands and are scattered across the globe. Although the government has identified many investors as to each Subject Deal, and has interviewed or been in contact with a number of them, additional discovery is necessary to obtain a complete list.[1] Moreover,

---

[1] The government is working diligently to comply with the Court's separate directive that it disclose to defendants "the identities ascertained to date of all victims of, and federally insured financial institutions ('FIFIs') affected by, the alleged fraud …." The great majority of this information was provided to us by the defendants themselves, who are in the best position to know their customers, investors, and counterparties,

Hon. James Orenstein
*United States v. Barclays Capital, Inc., et al.*, No. 16-CV-7057 (KAM/JO)
June 21, 2017
Page 2

current, accurate contact information is unavailable for a substantial percentage of the investors, most of whom purchased their certificates more than ten years ago, and many of whom purchased through third-party broker-dealers. As a result, direct notice is neither practical nor efficient, and general publication is a reasonable and efficacious alternative.

In providing notice by publication, the government does not concede that the Crime Victims' Rights Act ("CVRA"), 18 U.S.C. § 3771, which the Court cited in its minute order, applies to this case. We are aware of no civil case in which any court has ever required the government to provide notice to "crime victims" under the CVRA. Indeed, numerous courts have expressly found that the statute has no application in civil cases. *See, e.g., In re Gyamfi*, 362 Fed. Appx. 385 (4th Cir. 2010) ("petitioner was not entitled to protections under 18 U.S.C. § 3771 in his district court proceedings, which were civil in nature") (citing *United States v. Moussaoui,* 483 F.3d 220 (4th Cir. 2007) ("The rights codified by the CVRA, however, are limited to the criminal justice process ...."));  *Chute v. Colvin*, No. CIV. 11-5062-JLV, 2013 WL 6185338, at *1 (D.S.D. Nov. 26, 2013) ("§ 3771 is not applicable in Mr. Chute's civil case" but only "provides the district court the authority to protect the victim's limited right to participate in the criminal trial process"); *In re OnStar Contract Litig.*, No. 2:07-MDL-01867, 2009 U.S. Dist. LEXIS 67892 (E.D. Mich. Aug. 4, 2009) ("the rights codified by the CVRA are limited to the criminal justice process. This action is a *civil* action, not a *criminal* action. Thus, the CVRA has no application to this case and does not authorize Mr. Riches to be heard in this matter." (emphasis in original)).[2]

Notwithstanding the foregoing, this Court need not decide, at this juncture, whether the CVRA applies to a civil action filed under FIRREA – a statute which allows the government to seek civil penalties based on the defendants' commission of one or more predicate criminal offenses that the government need only prove by a preponderance.[3] *See*

---

but the government is compiling this information to produce to defendants as part of discovery responses to be served in the coming weeks.

[2] In addition, the Department of Justice's Office of Legal Counsel (OLC), whose opinions are binding on this Office, has formally opined that "the statutory definition of 'crime victim,' the nature of the rights provided under the Act, and the CVRA's legislative history all suggest[] that the rights guaranteed by the CVRA [are] limited in their applicability to pending criminal proceedings." Mem. Op. for the Acting Deputy Attorney General, The Availability of Crime Victims' Rights Under the Crimes Victims' Rights Act of 2004, at 1 (OLC Dec. 17, 2010), *available at* https://www.justice.gov/file/18386/download. In arriving at its conclusion, OLC relied in part on this Court's decision in *United States v. Turner*, 367 F. Supp. 2d 319, 326-27 (E.D.N.Y. 2005) (J. Orenstein, M.J.). *See* OLC Op. at 5-6 & nn. 5, 6.

[3] *See, e.g., United States ex rel. O'Donnell v. Countrywide Home Loans, Inc.,* 33 F. Supp. 3d 494, 498 (S.D.N.Y. 2014) ("FIRREA is a so-called 'hybrid' statute, predicating civil liability on the Government's proving criminal violations (here, mail fraud and wire fraud) by a preponderance of the evidence.... [T]he statute describes the monies to be paid, not as compensation to be paid to the immediate victim of the misconduct, but as a 'penalty' to be paid to the Government."), *rev'd on other grounds*, 822 F.3d 650 (2d Cir. 2016).

Hon. James Orenstein
*United States v. Barclays Capital, Inc., et al.*, No. 16-CV-7057 (KAM/JO)
June 21, 2017
Page 3

12 U.S.C. § 1833a. In the event any victims of defendants' conduct were to appear at a future stage of the litigation and seek standing to assert one or more of the substantive or procedural rights enumerated in the CVRA, the parties can brief the issue of the CVRA's applicability in a civil FIRREA case[4] in an appropriate motion at that time.[5] Until then, the government's proposal to provide notice by publication amply satisfies any notice obligations that the CVRA could conceivably place on the government or on the Court, even were the statute hypothetically to apply here. *See, e.g.,* 18 U.S.C. § 3771(c)(1), (d)(2); *Saltsman, supra,* at *2.

We sincerely appreciate the Court's time and attention to this matter.

        Respectfully submitted,

        BRIDGET M. ROHDE
        Acting United States Attorney
        Eastern District of New York

By:   /s/ {FILED ELECTRONICALLY}
        F. FRANKLIN AMANAT
        Senior Counsel
        271A Cadman Plaza East
        Brooklyn, NY 11201-1820
        (718) 254-7000

cc: All counsel of record (via ECF and email)

---

[4] The potential availability of restitution from criminal defendants to their victims was one of the rationales for enacting the victims' rights enumerated in the CVRA. *See, e.g.,* 18 U.S.C. § 3771(a)(6). However, nothing in FIRREA affords the victims of the predicate offenses any right to restitution from the defendants or any other private right of action. *See, e.g., United States v. Meisinger,* No. EDCV 11-00896 VAP (OPx), 2011 WL 4526082, at *7 (C.D. Cal. Aug. 26, 2011) (denying motion to dismiss FIRREA action for failure to join alleged victims of the predicate offenses, on the grounds that "FIRREA does not create a private right of action for persons who have suffered harm" and "only the Government, not the victims, has standing to bring an action for civil penalties"); *Hicks v. Resolution Trust Corp.,* 767 F. Supp. 167, 171 (N.D. Ill. 1991) (a private individual "lacks standing to bring an action under 12 U.S.C. § 1833a"), *aff'd,* 970 F.2d 378 (7th Cir. 1992); *Strecker v. LaSalle Bank, N.A.,* No. 04-C-440-C, 2004 WL 2491596, at 2 (W.D. Wis. Nov. 3, 2004) ("There is no basis for inferring that [FIRREA] creates an implied private cause of action.").

[5] If the Court construes its June 8 minute order as imposing binding notice obligations upon the government specifically under the CVRA, in a manner meant to ensure that the recipients of that notice have standing or enforceable rights under the CVRA, then the government respectfully asks this Court to treat this letter as a motion for reconsideration under Local Civil Rule 6.3.