

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

271 Cadman Plaza East
Brooklyn, New York 11201

October 3, 2017

Honorable James Orenstein
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    <u>United States v. Barclays Capital, Inc.,</u> No. 16-CV-7057 (KAM/JO)

Dear Judge Orenstein:

    We respectfully write to follow up on the United States' August 30, 2017 letter (ECF No. 75), and to request that the Court endorse the draft protective order (ECF No. 70-1) that the parties to the above-referenced matter submitted on July 11 (under cover of a letter jointly filed at ECF No. 70).

    Consistent with the plan described in our August 30 letter, the United States served, on or about September 13, 2017, more than a dozen third-party subpoenas directed to originators, servicers, and loan file custodians, seeking, among other documents, thousands of loan files that the United States intends to re-underwrite as a key part of its case. The United States attached to each of those subpoenas a copy of the draft protective order, along with detailed instructions consistent with that draft. We also notified the recipients that in the event the text of the protective order were to change after service, we would notify them directly of any modifications to their instructions or rights.

    Although we have not yet received responses to all of these third-party subpoenas, at least one of the loan originators, WMC Mortgage LLC ("WMC"), has objected to the subpoena on the principal ground that the protective order has not yet been approved or entered by the Court. *See* Non-Party WMC Mortgage, LLC's Responses and Objection to the United States' Subpoena, at 3 (attached). Although WMC's submission articulates a number of customary boilerplate objections to the subpoena, its counsel has advised us that WMC will produce the 2,852 loan files we have requested from WMC (assuming it succeeds in locating them), but only if and only after the protective order is approved and entered by the Court. On this basis, we have resolved to revisit the issue of the protective order with the Court, rather than pursuing a motion to compel compliance with the third-party subpoena.

Hon. James Orenstein
*United States v. Barclays Capital, Inc., et al.*, No. 16-CV-7057 (KAM/JO)
October 3, 2017
Page 2

      The United States is working assiduously to complete discovery in this highly complex case within the time frames set forth in the Case Management and Scheduling Order (CMSO) (ECF No. 57) issued by this Court on June 8, mindful of the Court's admonition at the June 8 conference that the parties are to "go forward with the expectation that [the dates in the CMSO are] going to be a firm deadline." ECF No. 60, Tr. at 35:23-24. The government is also sensitive to the Court's directive that the parties are to provide their re-underwriting experts with the material necessary to conduct their analyses on an on-going basis during the fact discovery period so as to minimize the period needed for expert discovery. *See id.*, Tr. at 35:24-42:15.

      But the process of re-underwriting such a large volume of loan files (likely to be over 10,000 total files in this case) is exceedingly time consuming, and it cannot commence until the parties actually receive loan files from the third-party custodians. Although the government has been able to start the process using some loan files it acquired during its pre-suit investigation, for the vast majority of loans in the sample it does not yet have the files and is waiting for them to be produced before it can proceed to re-underwrite them. And if it is unable to receive, or delayed in receiving, loan files because third parties like WMC refuse to produce them without a court order, then the government's ability to complete discovery within the CMSO's timeframes may be materially compromised.

      We believe that the letter and proposed protective order the parties filed on July 11 (ECF No. 70) addressed the concerns the Court raised at the June 12 conference and in the ensuing minute order (ECF No. 61) about notification to borrowers. If the Court continues to have concerns along those lines, we respectfully request an opportunity to be heard so that the parties can promptly resolve any outstanding issues with the protective order and proceed with third-party discovery without delay.

      We sincerely appreciate the Court's time and attention to this matter.

      Respectfully submitted,

      BRIDGET M. ROHDE
      Acting United States Attorney
      Eastern District of New York

By:   /s/ {FILED ELECTRONICALLY}
      F. FRANKLIN AMANAT
      Senior Counsel
      271A Cadman Plaza East
      Brooklyn, NY  11201-1820
      (718) 254-7000

Hon. James Orenstein
*United States v. Barclays Capital, Inc., et al.*, No. 16-CV-7057 (KAM/JO)
October 3, 2017
Page 3

Encl.:  Responses and Objections of WMC Mortgage, LLC

cc (via ECF and email):   Counsel of Record for all Parties

cc (via email only):   Katya Jestin, Esq.
　　　　　　　　　　　David P. Saunders, Esq.
　　　　　　　　　　　Jenner & Block LLP
　　　　　　　　　　　*Counsel for Non-Party WMC Mortgage LLC*