```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
UNITED STATES OF AMERICA,                    MEMORANDUM
                     Plaintiff,              AND ORDER
          - against -
BARCLAYS CAPITAL, INC., et al.               16-CV-7057 (KAM) (JO)
                     Defendants.
----------------------------------------------------------------X
```

James Orenstein, Magistrate Judge:

On June 7, 2017, the parties submitted a stipulation and proposed protective order for my approval. Docket Entry ("DE") 55. At a conference on June 12, 2017, I raised concerns about two aspects of the proposed order: the provisions relieving the parties of the need to comply with otherwise applicable laws requiring notice to borrowers in connection with the disclosure of information about them, and the provisions concerning the waiver of various privileges. I asked the parties to confer and either submit arguments as to why I should approve the proposed order notwithstanding such concerns, or submit a revised proposal. *See* DE 61 (minute order); DE 62 (transcript). On July 11, 2017, the parties submitted a revised proposal along with a letter setting forth the reasons I should approve it. As the parties explained, they concluded that I should approve the provisions concerning notice to borrowers as originally drafted, but revised the privilege waiver provisions in an effort to alleviate my concerns *See* DE 70 (letter); DE 70-1 (proposed order); DE 70-2 (redline comparison showing changes) at 22-24. For the reasons briefly set forth below, I decline to approve the revised proposal, and will instead enter an amended version of the proposal that omits protections that I conclude to be unwarranted.

  A.  <u>Notice to Borrowers</u>

Under the heading "Disclosure of Borrower Information," the parties propose the following:

> 54. To the extent that any federal or state law governing the disclosure of Borrower Information, such as, e.g., the Right to Financial Privacy Act of 1978, 12 U.S.C. §§ 3401-3422, the Gramm-Leach-Bliley Act of 1999, 15 U.S.C. § 6801 *et seq.*,

or their implementing regulations, permits disclosure of Borrower Information pursuant to an order of a court, this Order shall constitute compliance with such requirement. To the extent any such law governing the disclosure of Borrower Information requires a Producing Party to obtain a court-ordered subpoena before disclosure, or requires a Party to give notice to or obtain consent from any person or entity before disclosure, receipt, or use of any Borrower Information, the Court finds that, in view of the protections provided in this Order, the volume of documents containing Borrower Information to be produced in this Action, and the ongoing oversight of the Court, there is good cause to excuse such requirements. The Court thus hereby orders that the Parties are exempt from any requirement that they obtain a court-ordered subpoena, or that they notify and/or obtain consent from any person or entity, prior to the disclosure of Borrower Information in connection with this Action.

55. Moreover, to the extent that any federal or state law governing the disclosure of Borrower Information requires that any person or entity be notified prior to the disclosure, receipt, or use of Borrower Information except where such notice is prohibited by court order, this Court further orders that the Parties are explicitly prohibited from providing notice to borrowers or other persons that Borrower Information pertaining to them has been disclosed in this Action. This Order, however, shall not prohibit any Party from contacting any person or entity, including any person whose Borrower Information is disclosed in the Action, for any other purpose. Any Party may seek additional orders from this Court that such Party believes may be necessary to comply with any law governing the disclosure of Borrower Information.

DE 70-1 at 21-22.[1]

The parties note that their proposed order builds in significant protections for the privacy of the affected borrowers, and that the parties are subject to a welter of applicable laws in various jurisdictions that might impose differing notice requirements on them that would be difficult to

---

[1] For purposes of the proposed order, "Borrower Information" means:

any information that constitutes "nonpublic personal information" within the meaning of Section 509(4) of the Gramm-Leach-Bliley Act, 15 U.S.C. § 6809, and its implementing regulations, including but not limited to, any portion of a mortgage loan file, spreadsheet, or other document or data that includes financial or credit information for any person (including any credit history, report, or score obtained on any such person to determine the individual's eligibility for credit) together with personally identifiable information with respect to such person, including, but not limited to, name, address, Social Security number, telephone number, or place or position of work.

*Id.* at 5 (¶ 12(a)(vii)).

ascertain. They therefore, and without further elaboration, contend that the task of determining the applicability of such laws "to each borrower in each state would be unduly burdensome." DE 70 at 3.

I respectfully disagree. The parties have already determined the potentially applicable laws of each pertinent jurisdiction, and have provided no information about the burden they would shoulder in determining the jurisdiction whose laws would apply to a given borrower's information. Without such information, I have no basis to conclude that such burdens to the parties outweigh the deprivation of notice to borrowers whose governments have seen fit to protect them with laws requiring notice in the circumstances of this case.

Moreover, it appears that excising the proposed provisions relieving the parties of their notice obligations would in most cases require the parties to do no more than identify the applicable law; in particular, it would not require actual notification. That is because, as the parties point out (after conducting research upon which I gratefully rely), the laws of the United States and 46 other jurisdictions would not require any notification at all, while only ten other jurisdictions do have laws that might include notice requirements subject to waiver upon a court order. *See id.* at 2-3.

Thus, the parties have not persuaded me that the benefits to them of being relieved of applicable notice requirements outweighs the burdens such a waiver would impose on non-parties who have not had an opportunity to be heard on the matter. I therefore decline to approve the parties' proposed language as to borrower notification, and instead direct the parties to submit a revised version that replaces paragraphs 54 and 55 of their amended proposed order with the following:

> 54. To the extent that any federal or state law governing the disclosure of Borrower Information, such as, e.g., the Right to Financial Privacy Act of 1978, 12 U.S.C. §§ 3401-3422, the Gramm-Leach-Bliley Act of 1999, 15 U.S.C. § 6801 *et seq.*, or their implementing regulations, requires a Producing Party to obtain a court-ordered subpoena before disclosure, the Court finds that, in view of the protections provided in this Order, the volume of documents containing Borrower Information

3

to be produced in this Action, and the ongoing oversight of the Court, there is good cause to excuse such requirements. The Court thus hereby orders that the Parties are exempt from any requirement that they obtain a court-ordered subpoena prior to the disclosure of Borrower Information in connection with this Action.

55. Any Party may seek additional orders from this Court that such Party believes may be necessary to comply with any law governing the disclosure of Borrower Information.

B. <u>Privilege</u>

Under the heading "Disclosure of Privileged or Otherwise Protected Material," the parties include the following, in addition to other language about which I have no concern:

57. Pursuant to Federal Rule of Evidence 502(d), a Producing Party's disclosure in this Action of any Document or Discovery Material that constitutes, contains, or reflects information protected by the attorney-client privilege, the work product doctrine, the deliberative process privilege, the executive privilege, the law enforcement or investigatory files privilege, or any other applicable privilege or protection from disclosure ("Privileged Material"), shall not be deemed a waiver or impairment of any claim of privilege or protection in this Action, or any other federal or state proceeding, with respect to such Privileged Material, or with respect to the subject matter of such Privileged Material, unless there is an intentional waiver of the privilege or protection to support an affirmative use of the Privileged Material in support of the Party's claim or defense, in which event the scope of any such waiver shall be determined by Federal Rule of Evidence 502(a)(2) and (3).

58. The Parties intend that this Order shall displace the provisions of Federal Rule of Evidence 502(b)(1) and (2). Any disclosure of Privileged Material in connection with this Action not made to support an affirmative use of the Privileged Material in support of a Party's claim or defense shall be regarded as inadvertent and the Producing Party shall be deemed to have taken reasonable steps to prevent disclosure, regardless of the standard of care or the specific steps taken to prevent disclosure and regardless of any argument or circumstances suggesting otherwise.

DE 70-1 at 22-23.

By adopting this formulation, the parties have largely, and commendably, responded to the general concern that I voiced at the conference on June 12, 2017, by, in essence, limiting the effect of the proposed order under Rule 502(d) to privileged materials inadvertently disclosed and then later clawed back. Nevertheless, two problems remain.

4

First, the definition of "Privileged Material" to which the parties would have me apply an order under Rule 502(d) is too broad. The latter rule allows me to order that the disclosure of information in this litigation does not effect a waiver of certain privileges either in this litigation or any other state or federal proceeding. *See* Fed. R. Civ. P. 502(d). However, the rule allows me to enter such an order only with respect to "a communication or information covered by the attorney-client privilege or work-product protection." Fed. R. Civ. P. 502 (preamble). It does not authorize comparable orders with respect to "the deliberative process privilege, the executive privilege, the law enforcement or investigatory files privilege, or any other … privilege[.]" DE 70-1 at 22. Accordingly, to the extent I will enter an order under Rule 502(d), I cannot do so with respect to the full range of privileges that the parties propose. Instead, I respectfully direct the parties to submit a revised version of the proposed order that replaces paragraph 57 of the amended proposal with the following:

> 57.     Pursuant to Federal Rule of Evidence 502(d), a Producing Party's disclosure in this Action of any Document or Discovery Material that constitutes, contains, or reflects information protected by the attorney-client privilege or by work product protection ("Privileged Material"), shall not be deemed a waiver or impairment of any claim of privilege or protection in this Action, or any other federal or state proceeding, with respect to such Privileged Material, or with respect to the subject matter of such Privileged Material, unless there is an intentional waiver of the privilege or protection to support an affirmative use of the Privileged Material in support of the Party's claim or defense, in which event the scope of any such waiver shall be determined by Federal Rule of Evidence 502(a)(2) and (3).

Second, whatever the parties may contemplate by including, in paragraph 58 of their proposal, a statement that they intend to "displace the provisions of Federal Rule of Evidence 502(b)(1) and (2)," they have not asked me to order any such purported curtailment of otherwise applicable law. To the extent that the parties contemplate that the rest of the world will be bound to treat any disclosure "not made to support an affirmative use of the Privileged Material in support of a Party's claim or defense" as having been made inadvertently and after reasonable precautions "regardless of the standard of care or the specific steps taken to prevent disclosure and regardless of

5

any argument or circumstances suggesting otherwise," I decline to give the appearance of endorsing such an agreement.

The parties should indeed be able to disclose records and information quickly, without fear of being deemed to have waived a privilege, so long as they are then diligent about conducting a post-disclosure review and seeking the return of inadvertently disclosed information. It is not my intent to relieve the parties of such review simply because no party later makes an affirmative use of the disclosed information in this litigation. Rule 502(d) allows me to enter an order to help the parties conduct discovery efficiently by "reduc[ing] the costs of pre-production review for [attorney-client communication] privilege and work product[.]" Fed. R. Evid. 502, advisory committee's note. The language of paragraph 58 goes well beyond that goal, and significantly reduces the parties' obligations to conduct a post-production privilege review of their disclosures. I therefore decline to include it. Instead, I respectfully direct the parties to submit a revised version of the proposed order that replaces paragraph 58 of the amended proposal with the following language:[2]

> 58. Pursuant to Federal Rule of Evidence 502(d), a Producing Party's disclosure in this Action of any Document or Discovery Material that constitutes, contains, or reflects information Privileged Material will not operate as a waiver in a federal or state proceeding if, following such disclosure, the holder of the privilege or protection takes reasonable steps to rectify the error, including (if applicable), following Federal Rule of Civil Procedure (b)(5)(B).

SO ORDERED.

Dated: Brooklyn, New York
October 18, 2017

                                                    /s/
                                        James Orenstein
                                        U.S. Magistrate Judge

---

[2] The parties are of course free to reduce the burden of reviewing materials not affirmatively used in the litigation by simply agreeing to return such materials to the respective disclosing parties at some later point in the litigation without the need for individualized requests.