# CLEARY GOTTLIEB STEEN & HAMILTON LLP

2000 Pennsylvania Avenue, NW
Washington, DC 20006-1801
T: +1 202 974 1500
F: +1 202 974 1999

clearygottlieb.com

NEW YORK
PARIS
BRUSSELS
LONDON
FRANKFURT
COLOGNE
MOSCOW
ROME
MILAN
HONG KONG
BEIJING
BUENOS AIRES
SÃO PAULO
ABU DHABI
SEOUL

GEORGE S. CARY
MITCHELL S. DUPLER
GIOVANNI P. PREZIOSO
MICHAEL H. KRIMMINGER
MATTHEW D. SLATER
DAVID I. GELFAND
MICHAEL A. MAZZUCHI
MARK W. NELSON
ROBIN M. BERGEN
DEREK M. BUSH
BRIAN BYRNE
PAUL D. MARQUARDT
JEREMY CALSYN
LEAH BRANNON
MATTHEW C. SOLOMON¹
KATHERINE MOONEY CARROLL
PAUL R. ST. LAWRENCE
ELAINE EWING
DANIEL P. CULLEY
NOWELL D. BAMBERGER
KENNETH S. REINKER
RESIDENT PARTNERS

KENNETH L. BACHMAN, JR.
DANIEL B. SILVER
RICHARD DEG. HINDS
SARA D. SCHOTLAND
WILLIAM B. MCGURN III
JOHN S. MAGNEY
MARK LEDDY
JOHN C. MURPHY, JR.
DAVID M. BECKER
JANET L. WELLER
LINDA J. SOLDO
SENIOR COUNSEL

W. RICHARD BIDSTRUP
STEVEN J. KAISER
JOYCE E. MCCARTY
COUNSEL

KAREN A. KERR
JOHN P. MCGILL, JR.
MATTHEW I. BACHRACK
LARRY WORK-DEMBOWSKI
MEGHAN A. IRMLER
ALEXIS COLLINS
MOLLIE C. NICHOLS
CARL F. EMIGHOLZ
PATRICK FULLER
SAIF SHAH MOHAMMED
SENIOR ATTORNEYS

BRANDON ADKINS
KELLY BAHLKE
ELSBETH BENNETT
GRANT A. BERMANN
LINDEN BERNHARDT*
PRIYA L. BHANU
JILLIAN CHOU
LAURA K. CONLEY
SARAH CRANDALL
LISA M. DANZIG
RYAN M. DAVIS
ALEXANDRA EBER
BRANDON J. FIGG
ALAN B. FREEDMAN
ELIZABETH S. FREEDMAN*
ALEXANDER GALICKI
NOAH GIMBEL*
ANNE TITUS HILBY*
CHRISTOPHER HILDEBRAND
EILEEN HO
JAMES HUNSBERGER
PHILLIP L. HURST
BRENDAN JORDAN*
BUDDY KHAN
PATRICK D. KIBBE
ANDREW L. KLINE
NATHANAEL KURCAB*
GRACE KURLAND
ALBERT LAI
ALEXIS R.B. LAZDA
CHINYELU K. LEE
MACEY LEVINGTON
NICOLE S. LIM
LAURA LUISI
CHRIS MACCOLL*
CARL L. MALM
MEREDITH LEIGH MANN
ROBERT A. MCNAMEE
GYPSY MOORE
MORGAN L. MULVENON
DREW NAVIKAS
KAREN O'NEILL OCASIO*
MUYIWA ODENIYIDE
SAMUEL PARK
JENNIFER E. PAUL
NICHOLAS P. PETERSON*
AMBER V. PHILLIPS
ROBIN RABINOWITZ
MARTINA RADNEY*
CHRISTOPHER ROBINS*

MICHAEL RUTHENBERG-MARSHALL
WILLIAM SEGAL
OMAR SERAGELDIN
GARRETT SHINN*
CAROLINE STANTON
O. NICHOLAS STEER
ERIC O. STEINHART
CHARLES STERLING
RYAN SUGG
TARA LYNN TAVERNIA
ASHLEY WALKER
CHRISTOPHER A. WETZEL
ERIK WITTMAN
ASSOCIATES

CUNZHEN HUANG
SPECIAL LEGAL CONSULTANT
IN THE DISTRICT OF COLUMBIA

¹ Admitted only in New York. Supervision by the managing partner of the Washington, D.C. office.

* Admitted only to a bar other than that of the District of Columbia. Working under the supervision of principals of the Washington office.

Writer's Direct Dial: +1 202 974 1514
rbergen@cgsh.com

October 31, 2017

F. Franklin Amanat, Esq.
United States Attorney's Office
Eastern District of New York
Civil Division
271A Cadman Plaza East
Brooklyn, New York 11201-1820

Re: <u>United States v. Barclays Capital Inc., et al., Civ. No. 16-7057</u>

Dear Mr. Amanat:

    Third Parties Bank of America, N.A. ("BANA") and Merrill Lynch, Pierce, Fenner & Smith, Inc. ("ML," and collectively, the "Bank"), each served with four Rule 45 Subpoenas (collectively, the "Subpoenas") in the above-captioned matter, hereby respectfully request the Court to reconsider its Memorandum and Order of October 18, 2017, which declined to enter the protective order submitted jointly by the Parties (the "Original Order") and directed the entry of a revised protective order (the "Revised Order") with respect to paragraphs 54 and 55 of the protective order regarding the production and use of borrower information (the "Borrower Provisions"). The Borrower Provisions in the Revised Order would impose a significant burden on the Bank, which is not a party to this matter, in its efforts to comply with the Subpoenas.

    The Original Order provided robust safeguards against the disclosure of certain borrowers' "nonpublic personal information" ("NPPI"). NPPI is contained in a significant portion of the information requested by the Subpoenas, which request information for over 2,000 loans. The NPPI would have been disclosed only to certain individuals, used only for the

F. Franklin Amanat
October 31, 2017
Page 2

purposes of the litigation at hand, subject to a confidentiality designation, and returned or destroyed at the conclusion of the litigation. The Borrower Provisions in the Original Order would have also constituted a court order permitting the Bank to produce any NPPI located in the materials called for under the Subpoenas without notification to borrowers, an approach that numerous other courts have found good cause to include in protective orders in litigations involving residential mortgage backed securities. The Revised Order retains the safeguards, but would not constitute a court order permitting production of NPPI without notification, resulting in the Bank being required to provide notice to, or seek consents from, individual borrowers across the country who have NPPI in the documents covered by the Subpoenas.

This change would significantly increase the burden associated with the Subpoenas. To respond to the Subpoenas under the Revised Order, the Bank would have to first review materials responsive to the Subpoena requests for loan files in order to determine whether they contained any NPPI. Next, the Bank would have to determine the specific jurisdiction(s) whose law governed such NPPI. Then, the Bank would have to review the law of that jurisdiction(s) to determine whether it was permitted to produce the NPPI absent notice to the borrower or a court order facilitating the production. For several important jurisdictions – notably, California and Illinois – it appears likely, based on the parties' prior submissions, that the Bank would not be permitted to produce the NPPI absent notification or court order. In any event, for every jurisdiction, the Bank would have to carefully consider the relevant statutes, and the Bank may conclude that there are jurisdictions beyond those identified by the parties that also require notification or a court order prior to producing NPPI.

Many of the loans at issue in this case are at least ten years old, and the burden associated with locating and notifying individual borrowers who took out loans so long ago is substantial. The Bank could bypass this burden only through undertaking the alternative burden of seeking a court order permitting the production – in essence, asking the court's permission to comply with the Subpoenas, when the same result could be reached through the language in the Original Order. In addition to the burden imposed on a non-party to this litigation, this additional step would divert judicial resources from more pressing and substantive issues. Furthermore, the Bank would have to take these steps even for information it may have produced in earlier litigations, including, *inter alia*, in *United States v. McGraw Hill Cos.*, Civ. No. 13-779, C.D. Cal., in which the Bank responded to Rule 45 subpoenas pursuant to a protective order with relevant provisions similar to those of the Original Order.

In sum, the burden from the changes to the Borrower Provisions in the Revised Order would be substantial even if the Bank were a party to the case, which it is not. In light of

F. Franklin Amanat
October 31, 2017
Page 3

both the Bank's non-party status and the Original Order's significant safeguards, the obligations of the Revised Order would impose a serious and undue burden on the Bank.

                                      Sincerely,

                                      *Robin Bergen /MJR-M*

                                      Robin Bergen

cc: Susan Kivelson
     Asst. General Counsel and Director
     Bank of America Legal Department
     50 Rockefeller Plaza, NY1-050-07-04
     New York, NY 10020