
BOIES
SCHILLER
FLEXNER

November 1, 2017

**VIA ECF**

The Honorable James Orenstein
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

     Re:    <u>United States v. Barclays Capital Inc., et al., Civ. No. 16-7057</u>

Dear Judge Orenstein:

    We write on behalf of HSBC North America, Inc. ("HSBC"). On September 12, 2017, in connection with the above referenced action, HSBC received a non-party subpoena from the United States requesting, amongst other things, 253 loan files. On October 6, 2017, HSBC received a non-party subpoena from Barclays Capital Inc. requesting, amongst other things, 352 loan files, some of which overlap with the files requested by the United States. The parties requested that HSBC write to the Court to describe the process HSBC would undertake to collect and produce the requested loan files under the Court's proposed protective order, dated October 18, 2017 ("October 18 Order").

    Under the October 18 Order, HSBC would take the following steps to produce the requested loan files:

    (1)    Identify the location of the requested loan files. If the requested loan file exists only in hard copy form, scan the hard copy loan file for electronic production.

    (2)    Identify the state in which the loan was originated.

    (3)    Identify whether borrower notification or other procedures would be required for production under that jurisdiction's rules and regulations.

    (4)    For any loan file where borrower notification would be waived subject to certain exceptions, determine whether an exception is applicable. This may require the parties or HSBC to obtain a court order to waive notification.

    (5)    For any loan files where borrower notification would be required because an exception could not be met or is not available, identify the current address of the borrower. This may include any of the following methods: If the loan is still current and still owned and/or serviced by HSBC, attempt borrower notification using the address listed in the loan file. If the loan has been sold or is being serviced by another entity, contact the relevant entity for current

# BSF

address information.  If the loan has been foreclosed, attempt notification at borrower's last known address listed in the loan's servicing records.  If the loan is not currently serviced by HSBC, obtain that information from the servicing agency.

(6)     If borrower notification is required and the borrower cannot be located, HSBC would not produce the requested loan file.

The process required by the state law notification procedures will increase HSBC's costs to comply with the subpoena, as well as potentially significantly increase the time it will take to complete production.

We are happy to provide the Court with any further information.

Respectfully submitted,

By: _____
    Damien Marshall

Damien Marshall
BOIES SCHILLER & FLEXNER LLP
575 Lexington Ave.
New York, New York 10022
(212) 909-7617
dmarshall@bsfllp.com

*Counsel for Non-Party HSBC North Am. Inc.*