919 THIRD AVENUE NEW YORK, NY 10022-3908

**JENNER&BLOCK** LLP

Katya Jestin
Tel: +1 212-891-1685
Email: KJestin@jenner.com

November 1, 2017

### VIA EMAIL & UPS OVERNIGHT MAIL

Frank Amanat
Assistant United States Attorney
United States Attorney's Office
Eastern District of New York
Civil Division
271A Cadman Plaza East
Brooklyn, New York 11201

Re: *United States v. Barclays Capital Inc. et al., Civ. No. 16-7057 (the "Action")*

Dear Frank:

As you know, we represent non-party WMC Mortgage, LLC ("WMC") in connection with subpoenas issued in the Action that your office served on WMC on September 13, 2017 and the Defendants served on WMC on October 6, 2017 (together, the "Subpoenas"). WMC served its written responses and objections to the Subpoenas on September 27, 2017 and October 20, 2017, respectively. In those written responses and objections, WMC conditioned the production of nonpublic borrower information on the entry of a protective order that: (a) permitted WMC to make the production; and (b) minimized the burden on WMC in making the production of more than 2,000 loan files and thousands of documents that reference borrowers in dozens of different states.

WMC believes that the proposed, revised protective order would impose a significant burden on WMC, a discontinued business unit and non-party. WMC concurs with the letters concerning the revised protective order submitted by non-parties Citigroup and Bank of America. Specifically, non-parties such as WMC would have to: (a) identify each individual borrower whose information appears in responsive documents; (b) for each jurisdiction in which a borrower was located, research and evaluate the applicable governing laws; and (c) for several jurisdictions, provide written notice to the borrowers regarding the subpoena(s). This process would take significant time and resources, and would significantly delay any production that WMC might make in response to the Subpoenas. In addition, this process would create a significant risk that the parties, other third-parties, borrowers or other courts may interpret each jurisdiction's law differently. Such confusion would create more burdens for the Court and the parties as they attempted to resolve any differences, particularly in light of the potentially significant fines that a producing non-party could face for not complying with an applicable jurisdiction's law.

Frank Amanat
November 1, 2017
Page 2

My firm has represented WMC in connection with dozens of RMBS cases as a party or the recipient of a similar third-party subpoena. In each of those cases, the court entered a protective order similar to the one initially proposed by the parties in the Action.

                    Sincerely,

                    Katya Jestin