**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |
|---|
| **UNITED STATES OF AMERICA,** |
| *Plaintiff*, |
| *-versus-* |
| **BARCLAYS CAPITAL, INC.,** *et al.*, |
| *Defendants*. |

Civil Action No.: 16-CV-7057 (KAM/JO)

## STIPULATION AND [PROPOSED] PROTECTIVE ORDER

This matter comes before the Court by the stipulation of the parties (the "Parties") in the above-captioned matter (the "Action") for the entry of a protective order (the "Order") pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and an order under Rule 502(d) of the Federal Rules of Evidence. Having found that the Parties, by and through their undersigned counsel, have stipulated and agreed to the terms set forth herein, and good cause having been shown,

IT IS HEREBY ORDERED that:

### Purpose and Scope

1.     This Order is meant to facilitate the production, exchange, and discovery of documents and information in this Action. It governs the handling and disclosure of Discovery Material, as defined below, and applies both to Discovery Material produced in this Action by a Party and to Discovery Material produced in this Action by any person or entity who is not a Party to this Action (a "Non-Party").

2.     Absent further Order from this Court, this Order shall apply to all proceedings in this Action, including discovery and pre-trial proceedings, trial, and any post-trial proceedings. Any Party may at any time seek modification of this Order by agreement or, failing agreement, by motion to the Court.

3.     Nothing in this Order should be construed as placing this Action, or any portion thereof, under seal, or as authorizing any Party to file any document under seal.  Any Party or Non-Party that wishes to file any document under seal in this Action must make an application to that effect to the Court, in accordance with the Court's published procedures for filing documents under seal.

4.     The protections conferred by this Order do not cover any Document or information (i) properly in the public domain at the time of disclosure to the Receiving Party; (ii) that becomes part of the public domain after its disclosure to a Receiving Party as a result of disclosure not involving a violation of this Order, including by becoming part of the public record in this Action through trial or otherwise; or (iii) obtained by the Receiving Party independently of this Action, from a source who obtained the information lawfully and was under no obligation of confidentiality to the Producing Party.

5.     Subject to the exception in paragraph 6, the protections conferred by this Order also do not cover any Documents or information that the United States received from any source prior to or independent of the filing of this Action, unless said material is re-produced, re-provided, or re-exchanged by and among the Parties in the course of discovery in this Action.

6.     In response to FIRREA subpoenas issued during the United States' FIRREA investigation that led to the filing of this Action, the Defendants produced to the United States a large number of documents, electronically stored information, and other material that the Defendants designated as containing Confidential or Highly Confidential Information (the "Confidential FIRREA Material").  Defendants did not make these designations pursuant to any confidentiality agreement, non-disclosure agreement, or agreement with the United States as to the definition or use of Confidential FIRREA Material, that applied to the material Defendants produced in response to the FIRREA subpoenas.  Nevertheless, upon entry of this Order, and solely to facilitate the

2

litigation of this matter without requiring the Defendants to re-review or re-produce Confidential FIRREA Material, Confidential FIRREA Material shall be treated as having been designated by Defendants as Confidential Information under this Order, and it may be disclosed, used, and handled in any manner that Confidential Information may be disclosed, used, or handled pursuant to this Order.  Nothing in this paragraph shall be construed as an agreement by the United States that the Confidential FIRREA Material was properly designated as Confidential Information.  The designation of Confidential FIRREA Material as Confidential Information under this Order may be challenged in the same manner as designations of Confidential Information may otherwise be challenged under this Order; moreover, Defendants expressly agree to abide by the terms of paragraph 23 of this Order with respect to all Confidential FIRREA Material.

7.      This Order shall not prejudice in any way any Party's ability to challenge the use or disclosure in this Action of information other than information designated as Confidential Information under this Order.  A Party's compliance with the terms of this Order shall not operate as a waiver of any claim or defense in this Action or as an admission that any particular material is or is not (a) Confidential, (b) privileged, (c) discoverable, or (d) admissible in evidence at trial.

8.      Nothing in this Order shall restrict the right of any Producing Party to use its own Confidential Information for any purpose whatsoever, but any such use resulting in a disclosure that places the Confidential Information in the public domain shall cause the Confidential Information to lose its designation as Confidential Information, and it shall no longer be subject to any protection under this Order.

9.      The termination of employment of any person who has had access to any Confidential Information shall not relieve such person of his or her obligations under this Order.

3

10.     The Parties agree to be bound by the terms of this Order during the time between the completion of its execution among all parties and its entry by the Court, and any violation of its terms during that time shall be subject to the same penalties and sanctions, as if this Order had been entered by the Court.

11.     Except to the extent that federal law may be applicable to this Order, this Order is governed by, interpreted under, and construed and enforced in accordance with New York law, without regard to the conflicts of law principles of the State of New York.  Any dispute between the Parties or any Non-Party regarding this Order shall be resolved by making an appropriate application to this Court in accordance with the Rules thereof.

## Definitions

12.     As used herein:

(a)     "Confidential Information" shall mean Discovery Material, or any information contained therein, that, at the time of its production in discovery in the Action, or at any time thereafter, the Producing Party designates as "Confidential" because of a reasonable and good faith belief that it constitutes and/or contains:

(i) current trade secret or other confidential research, development, or commercial information as such terms are used in Federal Rule of Civil Procedure 26(c)(1)(G);

(ii) previously nondisclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports and sale margins);

(iii) previously nondisclosed material relating to ownership or control of any non-public company;

(iv) previously nondisclosed business plans, product development information, or marketing plans;

(v) personal financial, medical, or other private or sensitive information relating to an individual that would properly be redacted from any public court filing pursuant to Federal Rule of Civil Procedure 5.2, or for which applicable federal or state law requires confidential treatment;

4

(vi) documents or data that constitute "Consumer Reports," as that term is defined in the Fair Credit Reporting Act, 15 U.S.C. § 1681a; or

(vii) "Borrower Information," which for purposes of this Order shall mean any information that constitutes "nonpublic personal information" within the meaning of Section 509(4) of the Gramm-Leach-Bliley Act, 15 U.S.C. § 6809, and its implementing regulations, including but not limited to, any portion of a mortgage loan file, spreadsheet, or other document or data that includes financial or credit information for any person (including any credit history, report, or score obtained on any such person to determine the individual's eligibility for credit) together with personally identifiable information with respect to such person, including, but not limited to, name, address, Social Security number, telephone number, or place or position of work.

(b)     "Disclose" shall mean to distribute, disseminate, publish, provide, or otherwise make available for access, viewing, or copying.   "Disclose" shall include distribution and dissemination of the actual covered document as well as of the information contained therein, such that disclosing a copy, summary, paraphrase, or characterization of a document would be a disclosure of the document itself for purposes of this Order.

(c)     "Discovery Materials" shall mean documents, depositions, deposition exhibits, interrogatory responses, admissions, and any other information or material (including transcripts, videos, recordings, and electronically stored information) produced, given, or exchanged by and among the Parties, or between the Parties and any Non-Parties, in the course of discovery in this Action, regardless of the format or medium in which such material is generated, stored, or maintained.

(d)     "Document" shall have the broadest construction of that term as used in Federal Rule of Civil Procedure 34, which necessarily includes any electronically stored information ("ESI"), as well as written, recorded, communicated, transmitted, or graphic or photographic material of any kind.

(e)     "Producing Party" shall mean the Party or Non-Party producing Discovery Material in this Action that it has designated as Confidential Information.

(f)     "Receiving Party" shall mean the Party who receives Discovery Material in this Action that the Producing Party has designated as Confidential Information.

(g)     "Challenging Party" shall mean any Receiving Party who challenges a Producing Party's designation of Discovery Material that the Producing Party has produced in this Action as Confidential Information.

**<u>Designation of Confidential Information</u>**

13.     Producing Parties shall not designate Discovery Material as Confidential Information unless they have a reasonable and good faith belief that the material in question genuinely requires the protections of this Order.

14.     Notwithstanding paragraphs 16 and 17 of this Order, any Producing Party that produced Discovery Material to a Receiving Party after this Action was filed but prior to the entry of this Order may, within a reasonable time after the entry of this Order, retroactively designate that Discovery Material, or portions thereof, as Confidential Information, by providing notice of its designation in writing to the Receiving Party.  Such notice shall include an index listing the Bates numbers of the Discovery Material, or portions thereof, that the Producing Party is retroactively designating as Confidential Information.  If such notice is provided, the Producing Party need not re-produce the designated Discovery Material with the stamps, endorsements, or labels described in paragraphs 16 and 17, and the Receiving Party shall be responsible for ensuring that the material designated in the index receives appropriate protections under this Order.

15.     After the entry of this Order, any Producing Party that discovers that it inadvertently produced Discovery Material containing Confidential Information without designating that information as Confidential, may, within a reasonable time following its discovery of the inadvertent production, retroactively designate that Discovery Material, or portions thereof, as Confidential Information, by providing notice of its designation in writing to the Receiving Party. Such notice shall include an index listing the Bates numbers of the Discovery Material, or portions thereof, that the Producing Party is retroactively designating as Confidential.  If such notice is provided, the Producing Party need not re-produce the designated Discovery Material with the stamps, endorsements, or labels described in paragraphs 16 and 17, and the Receiving Party shall

be responsible for ensuring that the material designated in the index receives appropriate protections under this Order.

16.     Except as provided in paragraphs 14 and 15, for Discovery Material produced on paper or in an electronic form that allows endorsements or similar designations to be made on the produced paper or image, the Producing Party may only designate the material, or portions thereof, as Confidential by stamping the words "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER" on each page of the document that the Producing Party asserts to contain Confidential Information. With respect to ESI, Bates numbers shall be branded to the lower right hand corner of TIFF images, and confidentiality designations shall be branded to the lower left hand corner of TIFF images so that they legibly print with the images.

17.     Except as provided in paragraphs 14 and 15, for ESI that is produced in native form or in a format that is not amenable to visible endorsement on the image, the Producing Party may designate the material, or portions thereof, as Confidential by adding "CONF" to the end of the Bates number.  The media on which the Confidential Information is produced (e.g., CD, DVD, external hard drive) also must be plainly labeled with "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER."  Any copying or transferring of electronic files that are designated as Confidential Information must be done in a manner that maintains the protection for all copies, including, but not limited to, in the Bates number(s) and the location where the copies are stored, and users' access thereto.

18.     For interrogatory answers, written responses to requests for production of documents or requests for admissions, and expert reports, a Producing Party may only designate the material, or portions thereof, as Confidential by placing within each interrogatory answer, or each written response to requests, or each portion of the expert reports, that it asserts to contain Confidential

Information, the following designation: "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER."

19.     For depositions, designations of testimony as Confidential Information shall be made in either of two ways.  First, portions of the testimony and/or exhibits may be designated as Confidential Information during the deposition itself by specifying on the record the precise basis for the designation and noting the beginning and end points of each portion of testimony, or the specific exhibits to the depositions, designated as Confidential Information.  Alternatively, within thirty (30) days of receipt of either the original or a copy of the transcript of the deposition, any Party or, where applicable, the Non-Party providing the deposition testimony, may designate portions of the testimony as Confidential Information by notifying all Parties, in writing, of the specific pages and lines of the transcript, or the specific exhibits to the deposition, that the Party or Non-Party is designating as Confidential Information.

20.     To this end, the entire deposition transcript (including any exhibits not previously produced in discovery in this Action, and any exhibits previously designated as Confidential Information by any Producing Party), shall be treated as Confidential Information until thirty (30) days after the original or a copy of the transcript of the deposition is received by counsel for each of the Parties, at which time it shall cease to be Confidential Information unless a Party or, where applicable, the Non-Party providing the deposition testimony, provides the written notice described above.  If a Party or Non-Party designates any portion of the deposition testimony as Confidential Information, then the following stamp or designation shall be placed on the front of the original and each copy of the deposition transcript:  "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER."  If the deposition is filmed, every copy of both the recording storage medium (i.e., CD or DVD) and its container shall be labeled "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER."

21.     Any Party seeking to obtain Discovery Material from any Non-Party, whether through a Rule 45 subpoena or otherwise, and whether the Discovery Material sought consists of Documents or testimony, must provide the Non-Party with a copy of this Order, and must otherwise notify the Non-Party in writing, at the time of the request, of its right to designate Discovery Material produced in response to the request as Confidential Information, as well as of the instructions for doing so.  Likewise, whenever any Party notices the deposition in this Action of a Non-Party witness, the Party that noticed the deposition must inform the deponent, on the record, at the beginning of the deposition, of the rights and procedures set forth in paragraph 19, and it must have a copy of this Order available to give to the deponent if necessary.

22.     A Party may designate as Confidential Information any Discovery Material produced or given by any Non-Party to this Action, or any portion thereof, for which a Party has a reasonable and good faith belief that such Discovery Material constitutes and/or contains (a) Borrower Information or (b) a Party's own Confidential Information.  In the case of Documents, designation shall be made by notifying all counsel, in writing, of those Documents that are to be designated as Confidential Information at any time up to thirty (30) days after actual receipt of copies of those Documents by counsel for the Party asserting the confidentiality designation.  Prior to the expiration of such thirty (30) day period (or until a designation is made by counsel, if such a designation is made in a shorter period of time), all such Documents shall be treated as Confidential Information.  In the case of testimony, designation shall be made by notifying all counsel, in writing, of the specific pages and lines of the transcript, or the specific exhibits to the deposition, which are to be stamped or otherwise treated as Confidential Information as provided in paragraph 19 at any time up to thirty (30) days after the receipt of either the original or a copy of the transcript by counsel for the Party asserting the confidentiality designation.

23.     If it comes to a Producing Party's attention that Discovery Material or information it previously designated as Confidential Information does not qualify, or no longer qualifies, for such designation, the Producing Party must promptly notify all Receiving Parties that it is withdrawing the designation for the applicable information.  The Producing Party must then re-produce the Discovery Material as to which the designation is withdrawn in accordance with paragraph 30.

### Challenging Confidentiality Designations

24.     A Receiving Party may challenge a Producing Party's designation of Discovery Material as Confidential Information (in which event the Receiving Party shall be designated the Challenging Party).  For the avoidance of doubt, the United States may challenge the designation of Confidential FIRREA Material as Confidential Information.

25.     A Challenging Party may, at any time during the pendency of this Action, notify a Producing Party that it does not concur in the Producing Party's designation of Discovery Material as Confidential Information.  Such notice need not be given at the time of the Producing Party's production of the material nor at the time of its designation, and a Challenging Party's failure to provide notice at that time so shall not preclude a subsequent challenge thereto.

26.     A Challenging Party may initiate a challenge to a Producing Party's designation of Discovery Material as Confidential Information by providing to the Producing Party (a) written notice specifying each designation it is challenging (e.g., each Bates number) and (b) a description of the basis for each challenge.

27.     Upon receiving a challenge from a Challenging Party, the Producing Party shall in good faith reconsider its designations.  The Challenging Party and the Producing Party shall then attempt to resolve each challenged designation in good faith and within a reasonable time, timely meeting

and conferring to discuss the Producing Party's rationale for the designation and the Challenging Party's basis for the challenge.

28.    If the Producing Party decides to withdraw its confidential designation as to any Discovery Material included in the challenge, it shall immediately notify all Parties of its decision and shall re-produce the designated material as provided in paragraph 30.

29.    If the Challenging Party and the Producing Party are unable to resolve a challenged designation after meeting and conferring in good faith, the Challenging Party may, by motion, seek an order from this Court directing the Producing Party to strike the challenged designation of Discovery Material as Confidential.  On such a motion, the Producing Party shall bear the burden of proving that the designation is consistent with this Order.  Unless and until this Court grants such a motion and orders that a confidentiality designation be stricken, the Discovery Material designated as Confidential Information shall continue to be subject to the protections in this Order.

30.    If a Producing Party withdraws its confidential designation as to any Discovery Material it produced, or if this Court grants the motion of a Challenging Party and orders that a confidentiality designation be stricken, then the Producing Party must provide to the Receiving Party replacement Documents, files, or information that are free from any markings or designations as Confidential Information.  The replacement versions shall be produced in the same format as the information that is to be replaced, unless otherwise agreed to by the Parties.  The presumptive time for providing the replacement information shall be thirty (30) days, but the Producing Party must in good faith provide the information in a reasonable time, considering any agreements with the Receiving Party, the volume of information to be re-produced, and the nature or format of the information.

## Disclosure, Use, and Handling of Confidential Information

31.    Counsel for the Receiving Party is responsible for employing reasonable measures, consistent with this Order, to control access to and prevent unauthorized disclosure of any Confidential Information the Receiving Party receives.  Specifically, the Receiving Party of any Confidential Information shall maintain such material in a secure and safe area and shall exercise due and proper care with respect to the storage, custody, use, and/or dissemination of such material.

32.    No Receiving Party may, without the prior written consent of the Producing Party or the approval of this Court, use any Discovery Material that the Producing Party has designated as Confidential Information, for any purpose other than to prosecute, defend, or attempt to settle this Action.

33.    No Receiving Party may, without  the prior written consent of the Producing Party or the approval of this Court, disclose any Discovery Material that the Producing Party has designated as Confidential Information to any person or entity except the following:

    (a)    the Court (including any judicial officers to whom this Court may refer this matter for settlement purposes), and any court personnel, including any persons recording or transcribing testimony or argument at a conference, hearing, trial, or appeal in this Action;

    (b)    counsel for the Receiving Party (both in-house and outside), and any associated attorneys, supervisors, paralegals, legal assistants, analysts, investigators, consultants, data processors, law enforcement agents, litigation support personnel, information technology personnel, information management personnel, records management staff, clerical staff, and other professional or paraprofessional personnel, who are directly assisting such counsel in the prosecution or defense of this Action, who are under the supervision or control of such counsel (whether as employees or as contractors), and who have been advised of their obligations under this Order;

    (c)    current employees or contract employees of the Receiving Party who are directly assisting counsel for the Parties in the prosecution or defense of this Action, and who have been advised of their obligations under this Order [for purposes of this

12

paragraph, "Receiving Party," in reference to the United States, shall include any component of the United States Department of Justice ("DOJ") as well as the Federal Housing Finance Agency Office of the Inspector General ("FHFA-OIG")];

(d)     any persons or firms retained by the Receiving Party or its counsel to serve as an expert witness or as a consultant in this Action, and any employees of such persons or firms who are directly assisting in the person or firm's service as an expert witness or as a consultant;

(e)     any third-party vendors retained by the Receiving Party or its counsel to furnish technical or other services in support of this Action, and any employees of such vendors who are directly assisting in the vendor's service;

(f)     any officer before whom a deposition is taken, including stenographic reporters, videographers, and any necessary secretarial, clerical, or other support personnel of such officer, who have been advised of their obligations under this Order;

(g)     any deponent in this Action, and any trial witnesses (as well as counsel for any such deponents or witnesses);

(h)     any potential witness in this Action (as well as counsel for any such potential witness) (i) who counsel for the Receiving Party believes in good faith may be called to testify at trial or at a deposition in this Action and (ii) to whom counsel for the Receiving Party believes in good faith it is necessary to show the Confidential Information in order to prepare for such witness's testimony;

(i)     any author, addressee, or recipient of the Document containing Confidential Information, and any other natural person who is specifically identified in the Document or its accompanying metadata, or who reviewed or had access to such Document during the course of his or her employment with the Producing Party;

(j)     any mediator or arbitrator engaged by the Parties or appointed by the Court;

(k)     any person with prior authorized access to the Confidential Information; and

(l)     any other person agreed to by the Parties or by order of the Court.

34.     Disclosure to persons and firms referenced in subparagraphs (d), (e), and (h) of paragraph 33 may only be made if counsel for the Receiving Party obtains such person or firm's written undertaking, in the form of annexed Exhibit A, to comply with and be bound by the terms of this Order.  Counsel for the Receiving Party must provide the person or firm with a copy of this Order in connection with obtaining this undertaking.

35.     Disclosure to deponents, witnesses, and potential witnesses as referenced in subparagraphs (g) and (h) of paragraph 33 may only be made if counsel for the Receiving Party informs such person, prior to disclosing the Confidential Information to the person, (i) that he or she is being shown such materials solely for use in the Action, and (ii) that he or she shall not retain any Confidential Information disclosed to him.  Counsel for the Receiving Party must provide the person or firm with a copy of this Order at the time it provides such notice.

36.     No Receiving Party may, without the prior written consent of the Producing Party or the approval of this Court, disclose any Discovery Material that the Producing Party has designated as Confidential Information in any publicly-filed pleading, brief, memorandum, declaration, or exhibit.  Any Receiving Party that intends to rely on or disclose such Discovery Material containing Confidential Information in any pleading, brief, memorandum, declaration, or exhibit it intends to file with the Court shall notify the Producing Party of its intentions in advance of the filing, to give the Producing Party an opportunity to withdraw its designations as to the filed materials or to otherwise consent to the filing.  If the Producing Party, after receiving such notice, does not withdraw its designations or give consent to the public filing of the Confidential Information, then the Receiving Party must file a redacted version of the submission (redacted to omit all Confidential Information) on the Court's public docket and shall seek leave of the Court, in accordance with the Court's rules and published procedures, to file the Confidential Information under seal.

37.     Nothing in this Order shall be construed to supersede any existing independent statutory, law enforcement, national security, or regulatory obligations imposed on any Party.  However, if the United States determines that it is either obligated to disclose or in the interests of the United States for its counsel of record in this Action to disclose Confidential Information to any agency

or department of the United States, or any division or employee of such agency or department, pursuant to any existing independent statutory, law enforcement, national security, or regulatory obligations, it shall, unless otherwise prohibited by law or regulation, notify the Producing Party of its intention to make such a disclosure and identify with specificity both the documents it intends to disclose and the agency or department that is the proposed recipient of the Confidential Information.  Except where notice is prohibited by law or regulation, the United States shall not disclose the Confidential Information to the agency, department, division, or employee, unless either the Producing Party authorizes the disclosure or the Court authorizes the disclosure of the requested material.

38.     If any Party receives a request from Congress, any agency or committee or subcommittee of Congress, or any agency or department of the United States or of any State, seeking the disclosure or production of Confidential Information, it shall, unless otherwise prohibited by law or regulation, promptly notify the Producing Party of the request, identifying with specificity the requested Confidential Information and the requesting party.  Except where notice is prohibited by law or regulation, the Party receiving such a request shall not disclose the Confidential Information in response to the request unless either the Producing Party authorizes the disclosure or the Court authorizes the disclosure of the requested material.

39.     To the extent that the United States discloses Confidential Information in accordance with paragraphs 37 and 38, the United States shall notify the governmental entity receiving such documents in writing that the Discovery Material has been designated as Confidential Information consistent with this Order, and it will provide that receiving entity with a copy of this Order.  If the Producing Party or the Court has authorized the disclosure, the United States shall notify the receiving entity of that authorization.

40.     If a Receiving Party receives a subpoena under Federal Rule of Civil Procedure 45, a document demand under Federal Rule of Civil Procedure 34, a Freedom of Information Act request under 5 U.S.C. § 552, or an equivalent demand under any state or federal law or regulation, in any action or proceeding (collectively, a "Demand"), and if the Demand seeks the production of Discovery Material that a Producing Party has designated as Confidential Information, or for which a complete and truthful response would require the disclosure of Discovery Material that a Producing Party has designated as Confidential Information, then the Receiving Party shall notify the Producing Party, by hand delivery or by electronic transmission sent within ten (10) business days, of its receipt of the Demand.  If counsel of record for the United States in this Action learns that an agency or department of the United States has received a Demand that seeks the production of Discovery Material that a Producing Party has designated as Confidential Information, or for which a complete and truthful response would require the disclosure of Discovery Material that a Producing Party has designated as Confidential Information, then such counsel shall timely notify the Producing Party of the Demand, unless notice is otherwise prohibited by law or regulation.

41.     The Receiving Party shall not disclose to the proponent of the Demand any Discovery Material containing Confidential Information, unless required by law or by court order, until the Producing Party has had a reasonable opportunity (at least ten (10) business days) to inform the Receiving Party either (a) that the Producing Party does not object to the production of the Confidential Information in response to the Demand or (b) that the Producing Party will seek appropriate administrative or judicial relief or protection in order to prevent or limit the production. If within a reasonable time after receiving notice of the Demand, the Producing Party informs the Receiving Party that it opposes production of its Confidential Information in response to the Demand, then the Receiving Party shall object to the Demand, citing this Order, and it shall not

16

thereafter produce such Confidential Information in response to the Demand, except as required by law.  The Producing Party shall bear the burden and expense of seeking the protection of its designated Confidential Information and pursuing any objection to the Demand.

42.     Nothing in this Order shall be construed as authorizing or encouraging the recipient of a Demand to disobey a lawful directive from this Court or another court.  Nor shall anything in this Order be construed as requiring the Receiving Party to challenge or appeal from any order requiring production of Confidential Information, or to subject itself to any penalties for non-compliance with any legal process or order, or to seek any relief from this Court.  In the event that Confidential Information is produced to a Non-Party in response to a Demand, such Discovery Material shall continue to be treated in this Action in accordance with its designation as Confidential Information.

43.     A Producing Party may disclose to any of the persons or firms identified in paragraph 33 (with "Producing Party" substituted for "Receiving Party" wherever it appears in that paragraph) any Discovery Material it designated as Confidential Information, without vitiating its designation or otherwise constraining the protections this Order provides to that information.  A Producing Party that discloses its own Confidential Information to a person or firm described in subparagraphs (d), (e), (g), or (h) of paragraph 33 need not comply with paragraphs 34 or 35. Moreover, a Producing Party that wishes to disclose its own Confidential Information to a witness at a deposition may do so without vitiating its designation or otherwise constraining the protections this Order provides to that information, but it should state on the record of the deposition that the Document includes Confidential Information.

44.     If a Producing Party wishes to rely, in any pleading, brief, memorandum, declaration, or exhibit it intends to file with the Court, on Discovery Material that it has itself designated as

Confidential Information, it may file a redacted version of its submission on the Court's public docket and may seek leave of the Court, in accordance with the Court's rules and published procedures, to file the Confidential Information under seal.

45.     Should any Party need to disclose Confidential Information, whether its own or that of another Party or Non-Party, during any hearing or trial before the Court, including during any argument in open court or in the course of the examination of a witness or the presentation of evidence, such Party shall advise the Court in advance of the disclosure and request direction as to how to proceed.

**<u>Unauthorized Disclosure of Confidential Information</u>**

46.     The Parties agree to follow the procedure set forth in paragraphs 61 to 66 with respect to any inadvertently or unintentionally produced or disclosed Confidential Information.

47.     If a Receiving Party learns that, by inadvertence or otherwise, it, or a person to whom it has disclosed Confidential Information in accordance with this Order, has disclosed Confidential Information received from a Producing Party, to any person or in any circumstance not authorized by this Order, then the Receiving Party must, promptly after discovery of the unauthorized disclosure, (a) make reasonable efforts to retrieve all copies of the Discovery Material containing Confidential Information from each person to whom unauthorized disclosures were made ("Unauthorized Recipient"), (b) inform each Unauthorized Recipient of all the terms of this Order, and of the fact that the disclosure was not authorized under this Order, (c) request each Unauthorized Recipient to execute the undertaking attached hereto as Exhibit A, (d) make all reasonable efforts to prevent further unauthorized disclosure of the Confidential Information, and (e) notify the Producing Party and all Parties in writing of the unauthorized disclosure, identifying all Unauthorized Recipients by name and describing the circumstances surrounding the disclosure

and the steps taken to prevent any use or further disclosure of the Confidential Information that was disclosed without authorization.

## Return or Destruction of Material on Final Disposition

48.     Except as elsewhere provided in this Order, within one hundred eighty (180) days of the final termination of this Action, whether by settlement, judgment, or other disposition or conclusion, and all appeals or opportunities to appeal therefrom, a Receiving Party shall take reasonable steps either to (a) destroy or delete all Discovery Material designated as Confidential Information or (b) return all such material to the Producing Party.  The choice of which option to take shall be at the Receiving Party's discretion, but it shall reasonably take the Producing Party's preference into account; if the Receiving Party elects to destroy or delete the Discovery Material, it shall certify to the Producing Party in writing that the destruction has been accomplished.  The requirement to destroy, delete, or return such material shall not apply to any Confidential Information that was filed with the Court, under seal or otherwise, or that was submitted in evidence.

49.     Discovery Material designated as Confidential Information that exists on back-up tapes, disaster recovery systems, or similar storage media need not be deleted or destroyed within this time frame, and, instead, such materials may be overwritten and destroyed in the ordinary course of business.  Until such materials are overwritten in the ordinary course of business, the Receiving Party will take reasonable steps to limit access, if any, to the persons necessary to conduct routine IT and cybersecurity functions.

50.     In the course of disposing of Discovery Material designated as Confidential Information, each Receiving Party will also take reasonable steps to notify all persons to whom it disclosed such Confidential Information in accordance with this Order, including experts, third-party vendors,

and consultants, that all such information must be returned to the Receiving Party or else deleted or destroyed by the person possessing the information, with written confirmation to Receiving Party.

51.    If a Receiving Party takes the position that it cannot comply with the return or destruction provisions of this section within the 180-day destruction period, and that it must instead retain documents for a longer period of time as provided by law or other regulatory authority, then it must certify to the Producing Party in writing (a) the law or other regulatory authority it believes requires it to retain those documents, and (b) describe the documents it intends to retain pursuant to that law or regulatory authority.  Notwithstanding anything to the contrary, counsel of record for the Parties may retain in their files copies of any documents constituting or reflecting counsel's work product, or the work product of retained consultants and experts, so long as it is and remains clearly marked to reflect that it contains Confidential Information subject to this Order.  Counsel of record for the Parties may also retain in their files archival copies of all pleadings; affidavits; declarations; discovery responses; motion papers; trial, deposition, and hearing transcripts; legal memoranda; correspondence; deposition and trial exhibits; expert reports; briefs; other papers filed with the Court; and any other parts of the trial record, even if such material contains Confidential Information, so long as such material is and remains clearly marked to reflect that it contains Confidential Information.

52.    Subject to the requirements of paragraphs 40 and 51, attorneys for the United States may also maintain copies of any documents designated as Confidential Information in their case file for this case, and they may maintain copies of any notes or summaries containing such Confidential Information in their case file for this case, subject to 44 U.S.C. § 3101, *et seq.*, and 5 U.S.C. § 552, *et seq.*

53.     Even after the termination of this Action including the exhaustion of all appeals relating to the Action or the expiration of the time to appeal, this Order shall continue to be binding upon the Parties, and upon all persons to whom Confidential Information has been disclosed, and this Court shall retain jurisdiction to enforce its provisions.

### Disclosure of Borrower Information

54.     To the extent that any federal or state law governing the disclosure of Borrower Information, such as, e.g., the Right to Financial Privacy Act of 1978, 12 U.S.C. §§ 3401-3422, the Gramm-Leach-Bliley Act of 1999, 15 U.S.C. § 6801 *et seq*., or their implementing regulations, requires a Producing Party to obtain a court-ordered subpoena before disclosure, the Court finds that, in view of the protections provided in this Order, the volume of documents containing Borrower Information to be produced in this Action, and the ongoing oversight of the Court, there is good cause to excuse such requirements. The Court thus hereby orders that the Parties are exempt from any requirement that they obtain a court-ordered subpoena prior to the disclosure of Borrower Information in connection with this Action.

55.     Any Party may seek additional orders from this Court that such Party believes may be necessary to comply with any law governing the disclosure of Borrower Information.

### Disclosure of Privileged or Otherwise Protected Material

56.     A Producing Party's production of any Document or Discovery Material without an appropriate designation of confidentiality shall not be deemed a waiver or impairment of the confidential nature of any such material, as to the produced material, or with respect to the subject matter thereof.

57.     Pursuant to Federal Rule of Evidence 502(d), a Producing Party's disclosure in this Action of any Document or Discovery Material that constitutes, contains, or reflects information protected

by the attorney-client privilege or by work product protection ("Privileged Material"), shall not be deemed a waiver or impairment of any claim of privilege or protection in this Action, or any other federal or state proceeding, with respect to such Privileged Material, or with respect to the subject matter of such Privileged Material, unless there is an intentional waiver of the privilege or protection to support an affirmative use of the Privileged Material in support of the Party's claim or defense, in which event the scope of any such waiver shall be determined by Federal Rule of Evidence 502(a)(2) and (3).

58.    Pursuant to Federal Rule of Evidence 502(d), a Producing Party's disclosure in this Action of any Document or Discovery Material that constitutes, contains, or reflects Privileged Material will not operate as a waiver in a federal or state proceeding if, following such disclosure, the holder of the privilege or protection takes reasonable steps to rectify the error, including (if applicable), following Federal Rule of Civil Procedure 26 (b)(5)(B).

59.    Nothing in this Order shall constitute an admission that any document disclosed in this Action is subject to any of the foregoing privileges or protections, or that any Party is entitled to raise or assert such privileges.   Nor shall anything in this Order prohibit the Parties from withholding from production any document covered by any applicable privilege or other protection.

60.    In the event any Receiving Party learns that a Producing Party has produced any Document or Discovery Material that bears indicia of Privileged Material, the Receiving Party shall promptly notify the Producing Party through its counsel of record.   Such notification shall not waive the Receiving Party's right to subsequently challenge any assertion of privilege.   Nothing in this Order is intended to shift the burden to identify privileged and protected documents from the Producing Party to the Receiving Party.

61.     In the event any Producing Party learns, whether on its own or as the result of notice provided by the Receiving Party under paragraph 60, that it has produced Privileged Material, the Producing Party may provide written notice to all other Parties advising of the disclosure and requesting the return or destruction of the Privileged Material.  Such notice and request ("Clawback Request") must include all the information required by Local Civil Rule 26.2 so that the other Parties can identify the Privileged Material and know both the privilege asserted and its basis.

62.     Upon receiving a Clawback Request, the Receiving Party shall make no further use or examination of the Privileged Material and shall immediately segregate it in a manner that will prevent further disclosure or dissemination of its contents.  The Producing Party must preserve the Privileged Material until the claim is resolved.

63.     If the Receiving Party agrees with or declines to contest the claim of privilege, the Receiving Party shall return, delete, or destroy the Privileged Material, and any other Document in its possession containing any information or material derived from the Privileged Material, in the manner set forth in paragraphs 48 to 50, and in accordance with Federal Rule of Civil Procedure 26(b)(5).

64.     If the Receiving Party disagrees with or contests the claim of privilege, then it shall notify the Producing Party in writing, within thirty (30) days of its receipt of the Clawback Request, of its challenge to the claim of privilege or protection and the basis therefor.  The parties shall then promptly meet and confer in good faith to resolve the dispute over whether the material at issue is, in fact, protected from disclosure by virtue of an applicable privilege or immunity.

65.     If the Parties are unable to come to agreement about the privilege assertions made in the Clawback Request, then the Receiving Party may move this Court for an order to compel

production of the Privileged Material, but may not assert as a ground for compelling production the fact or circumstance that the Privileged Material had already been produced.  No submission filed by any Party in connection with such a motion may publicly disclose the information claimed to be privileged, but the Producing Party may, if appropriate, or if directed by the Court, submit the claimed Privileged Material to the Court for *in camera* review.  The Producing Party shall in any event have the burden, on any such motion, to sustain its privilege claim, by providing information to the Court regarding the content and context of the Privileged Material sufficient to establish the applicability of any asserted privilege or immunity.

66.     If the Court denies the Receiving Party's motion, then the Receiving Party shall return, delete, or destroy the Privileged Material, and any other Document in its possession containing any information or material derived from the Privileged Material, in the manner set forth in paragraphs 48 to 50, and in accordance with Federal Rule of Civil Procedure 26(b)(5).

Dated:  New York, New York
        November 9, 2017

WILLIAMS & CONNOLLY LLP              SULLIVAN & CROMWELL LLP


By:  */s/ David M. Zinn*             By:  */s/ Karen Patton Seymour*
     David M. Zinn                        Karen Patton Seymour

 David M. Zinn*                       Karen Patton Seymour
 R. Hackney Wiegmann*                 Richard H. Klapper
 Jesse T. Smallwood*                  Jeffrey T. Scott
 Amy Mason Saharia*                   SULLIVAN & CROMWELL LLP
 WILLIAMS & CONNOLLY LLP              125 Broad Street
 725 Twelfth Street, N.W.             New York, New York  10004
 Washington, DC  20005                (212) 558-4458
 (202) 424-5000                       seymourk@sullcrom.com
 dzinn@wc.com                         klapperr@sullcrom.com
 hwiegmann@wc.com                     scottj@sullcrom.com
 jsmallwood@wc.com
 asaharia@wc.com


 * Admitted *pro hac vice*

*Counsel for Barclays Capital Inc., Barclays Group US Inc., Barclays US LLC, Barclays Bank PLC, Barclays PLC, BCAP LLC, Securitized Asset Backed Receivables LLC, and Sutton Funding LLC*

Dated:  New York, New York
        November 9, 2017

KRAMER LEVIN NAFTALIS & FRANKEL LLP


By: */s/ Barry H. Berke*_____
        Barry H. Berke

Barry H. Berke (bberke@kramerlevin.com)
Dani R. James (djames@kramerlevin.com)
Kerri Ann Law (klaw@kramerlevin.com)
KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, New York  10036
(212) 715-9100

*Counsel for Paul K. Menefee*

Dated: New York, New York
        November 9, 2017

CROWELL & MORING LLP


By: */s/ Glen G. McGorty*　　　　　　　
        Glen G. McGorty

Glen G. McGorty (gmcgorty@crowell.com)
Arlen Pyenson (apyenson@crowell.com)
Jared A. Levine (jalevine@crowell.com)
CROWELL & MORING LLP
590 Madison Avenue
New York, New York  10022
(212) 223-4000

*Counsel for John T. Carroll*

Dated:  Brooklyn, New York
        November 9, 2017

BRIDGET M. ROHDE
ACTING UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK


By: */s/ F. Franklin Amanat*
     F. Franklin Amanat

F. Franklin Amanat (franklin.amanat@usdoj.gov)
Matthew R. Belz (matthew.belz@usdoj.gov)
Charles S. Kleinberg (charles.kleinberg@usdoj.gov)
Evan P. Lestelle (evan.lestelle@usdoj.gov)
Josephine M. Vella (josephine.vella@usdoj.gov)
Alex S. Weinberg (alex.weinberg@usdoj.gov)
ASSISTANT UNITED STATES ATTORNEYS
EASTERN DISTRICT OF NEW YORK
271A Cadman Plaza East, 7th Floor
Brooklyn, New York  11201
(718) 254-7000

*Counsel for the United States of America*

## **ORDER**

It is SO ORDERED, at Brooklyn, New York, this _____ day of _____, 2017.


_____
JAMES ORENSTEIN
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

<u>**EXHIBIT A**</u>

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

**UNITED STATES OF AMERICA,**

      *Plaintiff,*

      *-versus-*

**BARCLAYS CAPITAL, INC.,** *et al.,*

      *Defendants.*

Civil Action No.: 16-CV-7057 (KAM/JO)

---

<u>**UNDERTAKING FOR THE USE OF CONFIDENTIAL INFORMATION**</u>

1.  My name is_____
               Print Name

2.  I have read the Protective Order that has been entered in this case, and a copy of it has been given to me.  I understand the provisions of the Protective Order, and agree to comply with and to be bound by its provisions.  I also consent to the jurisdiction of this Court for purposes of enforcement of the Protective Order.

3.  I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____        By: _____
                                          Sign Name