

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

December 10, 2018

Honorable James Orenstein
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    <u>United States v. Barclays Capital, Inc.,</u> No. 16-CV-7057 (KAM/JO)

Dear Judge Orenstein:

      We respectfully submit this status report to update the Court on the Government's compliance with its obligations under the Protective Order in the above-referenced case, which was dismissed on May 2 following the parties' settlement agreement. No court intervention or order is required at this time, but because the Protective Order confers continuing jurisdiction on this Court to enforce its terms and to address any issues that may arise thereunder, we deem it advisable to apprise the Court of relevant developments so that it can be prepared for any situations that may present in the future.

      As the Court is aware, Paragraph 48 of the Protective Order states that each Receiving Party has one hundred eighty (180) days following final termination of the action to "take reasonable steps either to (a) destroy or delete all Discovery Material designated as Confidential Information or (b) return all such material to the Producing Party," subject to certain exceptions and conditions. On October 29, the Government requested, with the consent of defendants and all other Producing Parties, a 45 day extension of time, from that date until December 13, to comply with its obligations under Paragraph 48. *See* ECF No. 140. The Court endorsed this request on October 30. *See* ECF Minute Entry 10/30/18.

      Nevertheless, because Paragraph 48 begins with the caveat "except as elsewhere provided in this Order," the Government reads the deadline in that paragraph for destruction of Discovery Material designated as Confidential Information ("DMCI") as being inapplicable if other provisions of the Protective Order, such as Paragraphs 51 and 52, provide the relevant parameters for retention or destruction of DMCI.

      On December 4, the Government notified the defendants and all other Producing Parties, via the attached email, that it is invoking Paragraphs 51 and 52 of the Protective Order and on that basis plans to retain all DMCI produced in this case indefinitely past the December 13 deadline. Paragraph 51 allows a Receiving Party to retain DMCI if it certifies

Hon. James Orenstein
*United States v. Barclays Capital, Inc., et al.*, No. 16-CV-7057 (KAM/JO)
December 10, 2018
Page 2

to the Producing Party "that it cannot comply with the return or destruction provisions of [¶ 48] within the 180-day destruction period, and that it must instead retain documents for a longer period of time as provided by law or other regulatory authority." Paragraph 52 allows "attorneys for the United States" to also "maintain copies of any documents designated as Confidential Information in their case file for this case," to the extent required by the Federal Records Act (FRA), 44 U.S.C. § 3101.

With respect to Paragraph 51, the Government informed the Producing Parties that it could not comply with the return or destruction provisions in Paragraph 48 within the time allotted because of a litigation hold recently initiated at the request of the defendants in *United States v. UBS Securities LLC et al.*, No. 18-CV-6369 (MKB/PK) (EDNY), which the Government filed on November 8. In that case, UBS has demanded, *inter alia*, "the EDNY's immediate production of all documents the Department of Justice ('DOJ') obtained in investigations relating to residential mortgage-backed securities." Without commenting on the propriety of UBS's demands, the Government believes, at least as of this time, that it should retain all DMCI produced by Barclays and by third parties, so as to avoid any contention that it has failed to comply with any potential or claimed legal duty to preserve documents. It thus intends to retain such documents until the *UBS* litigation hold is lifted (whether due to stipulation, court order, or settlement in that case), after which the Government will proceed to comply with its obligations under Paragraph 48 to return or destroy the relevant DMCI.

With respect to Paragraph 52, the Government has advised the Producing Parties that a (relatively small) subset of the DMCI is part of the Government's litigation case file for this case and will be retained in perpetuity, regardless of any litigation hold arising from the UBS case, under the FRA and its implementing retention policies.

As to both categories, the Government assured the Producing Parties that it is merely retaining the documents in its files and is not producing or disclosing them to UBS or to anyone else. We advised that, in the event UBS were to formalize its request for any DMCI produced in the Barclays litigation, the Government will invoke, and will comply with its obligations under, paragraphs 40 and 41 of the Protective Order, which stipulate that notice of such a request shall be provided to the Producing Party, who shall then have the right to object to the disclosure of DMCI it produced in the case. In the meantime, all DMCI will continue to be protected under the Protective Order.

We canvassed the Producing Parties via the attached email to determine whether any of them objected to the Government's plan to proceed in this fashion. Defendants expressly stated that they have no objection, as did several third parties who responded. With the two caveats summarized below, no Producing Party objected.

Case 1:16-cv-07057-KAM-JO   Document 141   Filed 12/10/18   Page 3 of 4 PageID #: 16778

Hon. James Orenstein
*United States v. Barclays Capital, Inc., et al.*, No. 16-CV-7057 (KAM/JO)
December 10, 2018
Page 3

  HSBC responded that it has no objection to the Government retaining its DMCI "until the litigation hold is lifted, with the expectation that HSBC will be notified once the hold is lifted." It went on to say, however, that "we do not see how any of the HSBC DMCI, consisting of loan files and underwriting guidelines, are relevant to the issues in the [*UBS*] matter" and "that if the HSBC DMCI is deemed to be outside the scope of discovery in the UBS matter, then the litigation hold will not apply and the HSBC DMCI will be destroyed or returned to HSBC." A different HSBC component separately responded that it does not object to the Government's continued retention of its DMCI but will "reserve our right to object to the production of these materials in [*UBS*] and to seek their destruction at another time…. As I am sure you can appreciate, we do not believe these documents are at all relevant to [the Government's] claims against UBS."

  BNY Mellon responded that it does not object to the Government retaining its DMCI beyond the December 13 deadline but voiced concerns about the scope and indefinite nature of the *UBS* litigation hold and reserved the right to lodge objections to the continued retention of its DMCI at some point in the near future. In the meantime, BNY Mellon intends to engage UBS in dialogue with a view towards narrowing the scope of UBS's discovery demands so as to make the ongoing retention of its documents unnecessary.

  As noted above, no Court intervention or order is required at this time, in part because Paragraphs 51 and 52 do not expressly require judicial approval for the Government's extended retention of DMCI predicated on a certification of the type contained in the attached email. Nevertheless, should the Court have any questions or concerns as to the Government's plan, we would be pleased to address them in a subsequent submission. In the meantime, we sincerely appreciate the Court's time and attention to this matter.

                 Respectfully submitted,

                 RICHARD P. DONOGHUE
                 United States Attorney
                 Eastern District of New York

            By:  /s/ {FILED ELECTRONICALLY}
                 F. FRANKLIN AMANAT
                 ALEX S. WEINBERG
                 Assistant United States Attorneys
                 271A Cadman Plaza East
                 Brooklyn, NY  11201-1820

Hon. James Orenstein
*United States v. Barclays Capital, Inc., et al.*, No. 16-CV-7057 (KAM/JO)
December 10, 2018
Page 4

cc (via ECF and email):    Counsel of Record for all Parties and Producing Parties

Encl.: Email of December 4, 2018